20408

Artis GLOVER, Appellant, v. Eloise GLOVER, Respondent.

(234 S. E. (2d) 488)

*Dallas D. Ball, Esq.,* of Columbia, f*or Appellant,*

*Luther M. Lee, Esq.,* of Columbia, *for Respondent,*

April 20, 1977.

LEWIS, Chief Justice:

The issue in this appeal is whether the evidence sustains the concurrent findings of the master and trial judge that respondent owns, by operation of a resulting trust, a one-half interest in a house and lot purchased in appellant's name in 1969.

Appellant and respondent lived together for twenty (20) years but were never married. Appellant had a living wife and respondent had knowledge of that fact for nineteen of the twenty years that they lived together.

The property in question was purchased in the name of appellant in 1969 and financed by a Veteran's Administration loan, requiring no down payment. In 1968, respondent gave to appellant the sum of five hundred ($500.00) dollars to be used by him to pay his outstanding debts in order to obtain approval of the foregoing loan by the Vetreans Administration. Respondent contended that some indefinite portion of the five hundred ($500.00) dollars should be construed as an investment by her in the property purchased in 1969 by appellant. Appellant, on the other hand, contended that the five hundred dollars ($500.00) was a gift from respondent to him, and in no way constituted an investment in the property in question.

In 1973, appellant and respondent terminated their living arrangement when appellant returned to live with his wife. Respondent has remained in possession of the property since that time under a court order issued pursuant to an agreement of the parties.

Respondent's contention in this action, that she owns an undivided one-half interest in the property purchased by appellant in 1969 as the beneficiary of a resulting trust arising from her payment to him of the sum of $500.00 in 1968, was sustained by the order of the lower court, affirming the findings of the master to whom the issues were referred. This appeal is from that order.

In order to establish a resulting trust, it was necessary that respondent show by definite, clear, unequivocal, and convincing evidence that she paid a definite portion of the purchase money at the time of the transaction. *Moore v. McKelvey,* 266 S. C. 95, 221 S. E. (2d) 780.

The record shows conclusively that respondent paid no part of the purchase money for the property nor did she incur any legal obligation in connection with the transaction. Both, the master and trial judge, found that the five hundred ($500.0) dollar payment to appellant by respondent was for the purpose of paying appellant's outstanding debts in order for him to obtain approval of a guaranteed loan for the purchase of the property. The entire purchase price was financed by a Veteran's Administration loan.

Respondent argues, however, that the payment of $500.00 by her to appellant "enabled the purchase to be made" and was therefore, "analogous to a down payment" on the purchase price. She concludes that her "contribution is sufficiently clear and definite to create a resulting trust in her favor." The conclusive answer to this argument is the undisputed fact that no "down payment" was made at the time of purchase and that appellant alone became legally obligated to pay the purchase price. Under these facts, the contribution by respondent to the payment of appellant's indebtedness, so as to enable him to qualify for a loan to buy the property, failed to establish a resulting trust from the payment by her of a portion of the purchase money.

There was testimony that both parties were employed throughout their relationship, earning approximately equal wages; and that they "pooled" their income to pay the family obligations, including the payments on the mortgage. Respondent contends that this contribution by her to the payment of these obligations, including the mortgage payments, coupled with her prior contribution of $500.00, showed that the parties intended to purchase, own, and pay for the property as tenants in common. These facts were insufficient to establish a resulting trust. There was no contribution by respondent of a portion of the purchase money at the time of the transaction and the subsequent contribution of funds will not give rise to a trust. The principle was thus stated in *Hodges v. Hodges,* 243 S. C. 299, 133

S. E. (2d) 816: ". . . in order for a resulting trust to arise, if at all, at the time the purchase is made. The funds must then, or prior thereto, be advanced and invested. A trust will not result from funds subsequently furnished."

While the concurrent findings of the master and trial judge are entitled to great weight, the evidence in this case fails to meet the high standard of proof required to establish a resulting trust.

The judgment is, accordingly, reversed and the cause remanded to the lower court for entry of judgment in accordance with this opinion.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.