429 So.2d 37 (1983)
CITY OF PLANTATION, Appellant,
v.
HUMANA, INC., d/b/a Bennett Community Hospital, and Edward J. Stack, As Sheriff of Broward County, Florida, Appellees.
No. 80-1843.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
Rehearings Denied April 21, 1983.
Frederick C. Heidgerd of Lunny, Tucker & Heidgerd, Fort Lauderdale, for appellant.
Edward R. Rumin, Fort Lauderdale, for appellees.
Philip S. Shailer of Shailer & Purdy, Fort Lauderdale, for appellee, Edward J. Stack and intervenor, Robert A. Butterworth.
*38 PER CURIAM.
The City of Plantation appeals from a final judgment which awarded appellee Humana, Inc. d/b/a Bennett Community Hospital, (the Hospital) $18,433.49 for medical care of a person injured while in the custody of the appellant.
On January 3, 1978, appellant arrested Donald Toth and charged him with violation of several Florida Statutes, possession of cannibis, driving under the influence of alcoholic beverages and leaving the scene of an accident. Appellant did not charge him with violating any municipal ordinances. The police placed him in a holding cell at appellant's detention facility and notified the Broward County Sheriff of his incarceration. While incarcerated at appellant's facility, Toth attempted suicide by hanging. Broward County Emergency Medical Services provided emergency medical treatment and then directed Mercy Ambulance Service, Inc. to transport him to the Hospital. Appellant had no control over the selection of the hospital nor did it participate in the admission of Toth by signing a financial responsibility form or in any other manner. The medical records reflect that Toth's mother signed the admission forms and the approval for treatment. Appellant released Toth on his own recognizance the day following the accident. Toth remained hospitalized at appellee's hospital until February 7th, 1978, at which time he expired. The Hospital made no attempt to obtain appellant's promise to pay for Toth's expense until after his death, and then filed suit against appellant for services rendered to Toth. Appellant answered and filed a third party complaint against the Sheriff of Broward County. The trial court awarded the Hospital $18,433.49 and entered judgment in the third party action in favor of the Sheriff of Broward County.
This case presents a question of first impression in Florida and requires us to determine first, whether appellant has responsibility for Toth's bill by virtue of his status as a prisoner; and second, if not, whether the Hospital established liability based on an implied promise to pay.
Appellant contends the trial court erred in holding it responsible because it arrested Toth on felony and misdemeanor charges and argues that Toth became a county prisoner under the provisions of Section 951.23, Florida Statutes (1981). Unfortunately, Section 951.23 offers no assistance in the resolution of this case, for it provides:
951.23 County and municipal detention facilities
(1) Definitions. 
(a) As used in this section, the term "county detention facility" means a county jail, a county stockade, a county prison camp and any other place except a municipal detention facility used by a county or county officer for the detention of persons charged with or convicted of either felony or misdemeanor.
(b) The term "county prisoner" means a person who is detained in a county detention facility by reason of being charged with or convicted of either felony or misdemeanor.
(c) The term "municipal detention facility" means a city jail, a city stockade, a city prison camp or any other place except a county detention facility used by a municipality or municipal officer for the detention of persons charged with or convicted of violation of municipal laws or ordinances.
(d) The term "municipal prisoner" means a person who is detained in a municipal detention facility by reason of being charged with or convicted of violation of municipal law or ordinance.
The statute leaves the status of Toth unresolved. Under the statutory definitions he was not a "county prisoner" because he was never detained in a county detention facility, nor was he a "municipal prisoner" because he was not being detained for violation of municipal laws. Therefore, it is apparent that Section 951.24, Florida Statutes does not furnish a basis to establish responsibility on appellant for payment of Toth's bill.
Appellee also contends that we should affirm the trial court's judgment because appellant allegedly made an implied promise to pay. We disagree.
*39 The Hospital alleged that appellant admitted a prisoner to the Hospital's facility for medical treatment and that regardless of the indigence of the patient (Toth), appellant's responsibility for Toth's bill arises from the fact of Toth's incarceration by appellant on the date of admission. Appellant did not admit Toth to the appellee facility, nor did it participate in the selection of the hospital, nor did it either expressly or impliedly agree to pay or guarantee payment of Toth's bill. Broward County Emergency Services selected the hospital and Toth's mother signed the admission forms. The Hospital made no effort prior to Toth's death to obtain a guaranty or other assurance from appellant for payment of his bill. The Hospital's statement shows only Toth as the person responsible for the bill. Yet the Hospital did not file a claim in the estate of Toth to seek payment of its bill. It simply took the position that because Toth was a prisoner when he was injured and at the time of his admission to the hospital, that appellant should be held responsible for payment of the services rendered by the hospital facility. The Hospital has failed to cite any case which so holds and we have found none. It relies upon Dade County v. Hospital Affiliates International, Inc., 378 So.2d 43 (Fla. 3d DCA 1979). The court in Dade County refused to place liability on Dade County for medical services rendered because there was no custodial detention of the patient. However, the Hospital suggests that we should affirm liability against the appellant based upon the Court's dicta:
Although there are no cases in Florida which directly so hold, we may assume that a county or governmental entity would be liable to a private physician or hospital which renders medical services to its prisoners.
Id. at 44.
Under certain circumstances a county or other governmental agency may be held liable to a health care provider for medical services rendered to its prisoners. But, in order to establish such liability there must be a showing of a statutory authority establishing such liability or a showing of a contractual relationship or implied promise to pay by the debtor. The Hospital failed to introduce any evidence that appellant expressly or impliedly agreed to pay.[1]
We do not find the City of Plantation's request for assistance from the Broward County Emergency Medical Services' staff sufficient to place liability upon it for the medical treatment rendered by the appellee hospital. Nor do we find it dispositive that Toth was released on his own recognizance within slightly more than twenty-four hours after he was admitted to the appellee hospital facility. Rather, we hold that the Hospital's failure to establish by credible evidence that appellant either expressly or impliedly agreed to pay for Toth's bill as the dispositive factor.
Since this holding disposes of liability on the part of appellant we need not consider the trial court's ruling in the third party action against the sheriff of Broward County. Accordingly, we reverse the judgment in favor of the appellee, Humana, Inc. d/b/a Bennett Community Hospital and against the appellant.
REVERSED.
LETTS, C.J., DELL, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
Note: DELL, J., did not participate in the oral argument of this case but has reviewed the recording of those proceedings.
NOTES
[1] The hospital entered into a pretrial stipulation in which it agreed among other things that:

17. No express contract was made with Defendant, City of Plantation, by the Plaintiff, for Toth's care and treatment.
18. There has been no act of the mayor or the city council of Defendant, City of Plantation, ratifying, accepting or otherwise expressly agreeing, by ordinance or resolution or other official act of the City to and for payment for the services rendered to decedent, TOTH.
... .
24. That no official, police officer, or other employee of the City of Plantation has ever signed a financial responsibility form prior to or after admission of decedent, TOTH, to Plaintiff's hospital facility.