ANNIE PENN MEMORIAL HOSPITAL, INC. v. CASWELL COUNTY

No. 8417DC459

(Filed 28 December 1984)

1. **Counties § 6.2; Sheriffs and Constables § 2— authority of deputy to obligate county for wounded prisoner**

   A deputy sheriff had the authority to bind the county where a person who had just been wounded by a deputy was handcuffed and transported to plaintiff hospital, hospital personnel were told that the county would be responsible for the man, and emergency medical treatment was administered.

2. **Sheriffs and Constables § 2; Criminal Law § 75.7— patient in custody when treated at hospital—deputy authorized to obligate county**

   A wounded man was in lawful custody when he was admitted to plaintiff hospital, so that a deputy sheriff had authority to obligate the county, where the man had been wounded after pointing a shotgun at a deputy, the deputy had handcuffed the man and transported him to the hospital for emergency treatment, and the sheriff's department had requested hospital personnel to notify them of the man's discharge so that they could pick him up.

APPEAL by plaintiff from *McHugh, Judge.* Judgment entered 15 December 1983 *nunc pro tunc* 26 October 1983 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 7 December 1984.

This is an action to collect on an open account.

*Gwyn, Gwyn & Farver, by H. Craig Farver, for plaintiff-appellant.*

*Farmer & Watlington, by R. Lee Farmer, for defendant-appellee.*

JOHNSON, Judge.

The issue in this case concerns whether a county is liable for medical services rendered to a person wounded by a deputy sheriff, handcuffed and taken immediately to a hospital where the injured person underwent emergency treatment. The trial court found and concluded that the county was not liable. For the reasons that follow, we reverse the trial court and remand for the entry of a judgment in accordance with this opinion.

The plaintiff's evidence tends to show that an apparently intoxicated Douglas Lee Dunn was shot in the abdomen by a deputy

sheriff of Caswell County when Dunn pointed a shotgun at the deputy. Dunn was handcuffed and immediately transported to plaintiff hospital where he underwent emergency medical treatment. Dunn was accompanied in the emergency room by several deputy sheriffs, all of whom were in uniform. One of the deputies told hospital personnel that the County would be responsible for Dunn.

George Chandler, a patient accounts manager for plaintiff hospital, called the Caswell County Sheriff's Department the next day to determine whether the County would be responsible for the bill. Although the sheriff was out, Chandler was assured that the County would be responsible for Dunn. In the past, deputies had brought patients to plaintiff hospital for treatment, told the hospital that the County would be responsible for the bill, and the County would pay. When Chandler called the sheriff's department, he was requested to notify the sheriff's department of Dunn's discharge so they could come and get him at the hospital. When Dunn was discharged three weeks later, a deputy came and picked him up. The deputy was going to handcuff Dunn inside the hospital but deferred to Chandler's request to handcuff Dunn outside the hospital. Chandler saw the deputy hand some papers to Dunn while outside.

Neal Emory, the Caswell County manager, testified that a deputy sheriff did not have the authority or right to incur debts for the County. He conceded that deputies had obligated the County to pay for hospital bills in the past.

[1] The County contends that the deputy sheriff did not have the authority to bind it and that Dunn had not been arrested nor taken into lawful custody when he was admitted to the hospital. We find the present case to be controlled by *Spicer v. Williamson*, 191 N.C. 487, 132 S.E. 291 (1926), in which one Peter Camel was wounded at the time of his arrest by a deputy sheriff, and immediately taken for medical treatment by the sheriff. Holding the Board of County Commissioners of Duplin County liable for Camel's medical bills, the Court stated:

It is clearly the duty of the board of commissioners of a county, in this State, as prescribed by statute, to provide for necessary medical attention to a prisoner confined in the county jail, whether such prisoner has been committed to jail

as the result of a preliminary trial, or upon a final judgment on his conviction of a violation of law. The board of commissioners owes no less duty to a person, lawfully in the custody of the sheriff, awaiting a preliminary trial, and confined in jail, because he is unable to give bond for his appearance at such trial. *A reasonable construction of these statutes extends this duty of the board to a person in the lawful custody of the sheriff, who is unable, because of the condition of the prisoner, to take him at once to the jail.* The suggestion in the brief for the board of commissioners filed in this Court, that the board owes no duty to provide for necessary medical attention to a prisoner until he has actually been placed in jail, does not commend itself to us as within a reasonable or necessary construction of the statutes applicable. . . .

The fact that the board of county commissioners of Duplin County had not authorized the sheriff to request plaintiff to render professional services to his prisoner, prior to the performance of such services, upon the facts as shown by the evidence in this case, does not relieve the board of liability for the reasonable value of such services. Upon these facts, it was the duty of the board of commissioners to provide necessary medical services for Peter Camel, after he was arrested and taken into custody by the sheriff. In the emergency confronting the sheriff, it was his duty, as sheriff, to procure proper medical attention for his prisoner. *Ordinarily, the sheriff or other officer, having in his custody a prisoner whose condition requires medical attention, should report such condition to the board of commissioners before calling in a physician. In an emergency, however, he may without previous authority from the board, procure necessary attention for his prisoner, and the board of commissioners will be liable for the reasonable charge for such services as may be rendered to the prisoner at the request of the sheriff. The authority of the sheriff to act in an emergency such as existed in this case must be sustained.* . . . (Citations omitted.) (Emphasis added.)

191 N.C. at 492, 132 S.E. at 294-95. Given the emergency situation in the present case, defendant's contention that the deputy did not have authority to bind the County has no merit.

[2] We also find no merit to defendant's contention that Dunn was not in lawful custody at the time he was admitted to the hos-

pital. In this State, a law enforcement officer may arrest a person without a warrant when he has probable cause to believe the person has committed a criminal offense in the officer's presence. G.S. 15A-401(b)(1). Here, Dunn pointed a shotgun at the deputy. The deputy thus had probable cause to believe Dunn had committed a criminal offense, an assault, in his presence, and thus could arrest Dunn without a warrant. The deputy handcuffed Dunn and transported him to the hospital for emergency treatment. The sheriff's department also requested hospital personnel to notify them of Dunn's discharge so they could pick him up.

Here, the evidence compels findings and conclusions that the deputy had the emergency authority to bind the County and that Dunn was in lawful custody. The trial court's findings and conclusions to the contrary were, therefore, erroneous. This cause must, therefore, be remanded for an entry of a judgment in favor of plaintiff.

Reversed and remanded.

Judges BECTON and BRASWELL concur.