**ACLI GOVERNMENT SECURITIES, INC., Appellee,**

v.

**Daniel RHOADES, Norma Rhoades, Appellants. (Three cases).**

**Nos. 84–1765(L), 84–2106 and 84–2135.**

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1985.

Decided June 24, 1985.

---

Karl L. Kenyon, Anderson, S.C. (Kenyon & Lusk, Robert P. Lusk, Anderson, S.C., on brief), for appellants.

Clay D. Brittain, III, Columbia, S.C., (Nelson, Mullins, Grier & Scarborough, Columbia, S.C., on brief), for appellee.

Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

Appellants Daniel Rhoades and his sister Norma Rhoades appeal from a judgment of the United States District Court for the District of South Carolina finding that Norma Rhoades had no interest in certain real property located in Anderson, South Carolina, title to which was held by Daniel Rhoades, and directing a sale of the property in partial satisfaction of a judgment against Daniel Rhoades in favor of appellee ACLI Government Securities, Inc. (AGS). Because we find that the district court was correct in all respects, we affirm.

I

In an action brought in the United States District Court for the Southern District of New York, AGS recovered a judgment against Daniel Rhoades in the amount of $1,285,598.28. After determining that Daniel Rhoades was the owner of 420 acres of real property in Anderson, South Carolina, AGS registered the New York judgment in the District of South Carolina, pursuant to 28 U.S.C. § 1963 (1982), and on August 19, 1983, the company filed a petition seeking sale of the property. Daniel Rhoades objected on the grounds that he held the property merely as a nominee for an unnamed principal. He also sought to attack the New York judgment collaterally for want of subject matter jurisdiction, alleging a lack of diversity of citizenship. The court found that the district court in New York had rejected Rhoades' jurisdictional argument in a post-judgment proceeding. At that time, both the judgment

and the jurisdictional objection were on appeal to the Court of Appeals for the Second Circuit. The district court in South Carolina proceeded with hearings on the question of ownership and found that the only claimant, Norma Rhoades, could prove no interest in the property.

On May 2, 1984, the Court of Appeals for the Second Circuit issued its mandate affirming the judgment for AGS.* At a hearing on August 22, 1984, only days before the scheduled August 29 sale of the real property, appellants argued for the first time that the initial registration of the New York judgment in South Carolina was invalid because at that time the case was on appeal and hence the judgment was not then final. The South Carolina district court refused to vacate its order directing the sale and on October 3, 1984, it confirmed the sale pursuant to 28 U.S.C. §§ 2001–2002 (1982).

## II

■ The record clearly supports the trial court's findings that Norma Rhoades had no interest in the subject property. The court dealt in detail with each of appellants' arguments for a resulting trust, a constructive trust, and an express oral trust. It found no merit in any of the contentions, concluding that the parties did not meet the burden of "definite, clear, unequivocal, and convincing evidence" required for either a resulting or constructive trust, *citing Glover v. Glover,* 268 S.C. 433, 234 S.E.2d 488, 489 (1977), and that Daniel Rhoades' "entire testimony and that of his sister is incredible and totally unworthy of belief." This was particularly true, the court noted, in light of the fact that brother and sister had been practicing attorneys for a number of years and should have been well aware of the importance of maintaining accurate land records. There was no documentation in support of their position, and the court's findings were not erroneous in this matter.

* The United States Supreme Court subsequently denied Daniel Rhoades' petition for certiorari. *Rhoades v. ACLI Government Securities, Inc.,* ■

We need not tarry over the matter of the registration of the judgment in South Carolina pending appeal in New York, as the question was mooted prior to the sale. Furthermore, appellants did not even raise the question until after the mandate had issued from the Second Circuit, so appellants' objection was untimely as well.

■ Appellants' jurisdictional objections were litigated in New York. The question may not be reopened by way of collateral attack after an adverse judgment elsewhere. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9, 102 S.Ct. 2099, 2104, n. 9, 72 L.Ed.2d 492 (1982). We likewise find no fault with the trial court's confirmation of the sale pursuant to 28 U.S.C. §§ 2001–2002. There is no basis for appellants' contentions that a state procedure should have been used.

The judgment of the district court is affirmed.

AFFIRMED.

—— U.S. ——, 105 S.Ct. 183, 83 L.Ed.2d 117 (1984).