CRAVEN COUNTY HOSPITAL CORPORATION v. LENOIR COUNTY, THE CITY OF KINSTON, AND LEO HARPER, SHERIFF OF LENOIR COUNTY

No. 843SC854

(Filed 2 July 1985)

1. **Sheriffs and Constables § 1— injury to prisoner—no personal liability for medical expenses**

Even if an injured person was in the custody of the sheriff at the time of his injury, the sheriff would have no personal liability to pay for medical treatment of the injury absent an express agreement to do so.

2. **Jails and Jailers § 1; Municipal Corporations § 9.1— injury to person in custody of police officers—medical expenses—no liability by city**

Plaintiff hospital's complaint was insufficient to support a claim against defendant city for medical treatment rendered to a person injured while in the custody of city police officers based on express contract. Furthermore, no duty was imposed on the city by G.S. 153A-224(b) to pay for medical services rendered to persons in the custody of its police officers but not yet confined in a local confinement facility, and there was thus no relationship implied by law which would obligate the city to pay the costs of such treatment. G.S. 160A-16.

3. **Jails and Jailers § 1; Counties § 2.1— injury to person in custody of city officers—medical expenses—no liability by county**

There was no implied obligation by a county to pay for medical services rendered to a person injured while in the custody of city police officers where such person was not placed in the county jail or in the custody of any officer or employee of the county. G.S. 153A-224(b).

4. **Counties § 2.1— hospital care for indigents—no duty by county**

No constitutional or statutory provision imposes an obligation on a county to pay for hospital care rendered to its indigent citizens, and in the absence of such a duty, no cause of action accrues in favor of a health care provider against a county to recover for the cost of hospital services rendered to an indigent resident of the county. G.S. 130A-34; Art. XI, § 4 of the N.C. Constitution.

APPEAL by plaintiff from *Beaty, Judge* and *Phillips, Judge.* Orders entered 2 November 1983 and 28 June 1984 in Superior Court, CRAVEN County. Heard in the Court of Appeals 15 April 1985.

Plaintiff brought this action to recover from the defendants, jointly and severally, the costs of medical care rendered to one Fred Baker. Defendants moved to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). Judge Beaty allowed the motions as to defendants City of Kinston and Sheriff Harper on 2 November 1983, and denied the motion as to defendant Lenoir County. After discovery was completed, both plaintiff and defendant Lenoir County moved for summary judgment. On 28 June 1984, Judge Phillips denied plaintiff's motion for summary judgment and allowed summary judgment for defendant Lenoir County.

*Sumrell, Sugg and Carmichael, by Fred M. Carmichael and Rudolph A. Ashton, III, for plaintiff appellant.*

*Thomas B. Griffin, and Womble, Carlyle, Sandridge and Rice, by Allan R. Gitter, for defendant appellees.*

MARTIN, Judge.

In this appeal we are called upon to determine whether, under the factual circumstances which follow, any of the defendants are obligated to pay the cost of hospital care rendered to an indigent who was injured while in police custody. Finding no express or implied contractual obligation to pay for such expenses, nor any constitutional or statutory provision imposing such a duty, we affirm the decision of the trial court.

There are no facts in dispute. Fred Baker was an habitual inebriate who was frequently confined at the Lenoir County jail for offenses relating to public drunkenness or for non-criminal detainment pursuant to G.S. 122-65.13. He was last released from the jail on 30 December 1982 after having posted bond on a charge of being intoxicated and disruptive in public in violation of G.S. 14-444. On the evening of 31 December 1982, Officers Lewis and Arndt of the Kinston Police Department found Baker in an intoxicated condition in front of a local tavern, but apparently not violating the law. The officers placed Baker in their patrol car and took him to the Lenoir County courthouse for the purpose of

placing him in the county jail, pursuant to G.S. 122-65.13, until he became sober. As the officers were assisting him from their car to the building, Baker fell and sustained an injury to his head, rendering him unconscious. An ambulance was summoned by the police officers and Baker was transported to Lenoir Memorial Hospital. He was not accompanied by any police officer, nor was the hospital contacted by the Kinston Police Department. At the time of his injury, Baker had not been delivered to the jail nor placed in the custody of any employee of the Lenoir County Sheriff's Department.

Due to the nature of Baker's head injury, personnel at Lenoir Memorial Hospital arranged his transfer to Craven County Hospital for treatment by a neurosurgeon. Baker remained at plaintiff hospital until 10 January 1983 when he died. Plaintiff made demand on defendants for payment of Baker's hospital bill, which was refused.

[1] Plaintiff's claim against defendant Harper, Sheriff of Lenoir County, was properly dismissed. Even if Baker had been in the lawful custody of the sheriff at the time of his injury, as alleged in the complaint, the sheriff would have no personal liability to pay for Baker's medical treatment in the absence of an express agreement to do so. *Spicer v. Williamson*, 191 N.C. 487, 132 S.E. 291 (1926). No express agreement was alleged to have existed between defendant Harper and plaintiff; therefore, the complaint was insufficient to state a legally recognized claim against him.

[2] Plaintiff's claim against defendant, City of Kinston, was also properly dismissed. Plaintiff alleged that Baker was arrested by officers of the Kinston Police Department and that after he fell, while in their custody, he was transported by the officers to the Lenoir Memorial Hospital. Though these allegations were later shown by discovery to be factually inaccurate, for the purposes of the Rule 12(b)(6) motion the trial court was required to accept the allegations as true. *Rawls v. Lampert*, 58 N.C. App. 399, 293 S.E. 2d 620 (1982). Plaintiff also alleged that due to the inability of Lenoir Memorial Hospital to treat Baker, he was transported to plaintiff hospital and that defendant, City of Kinston, being vested with authority to contract for the provision of medical attention to those in custody of its officers, thereby contracted with plaintiff to provide treatment to Baker and is liable for the costs thereof.

An action may be dismissed pursuant to Rule 12(b)(6) if the complaint discloses an absence of law to support the claim, or an absence of facts sufficient to make a good claim. *Morrow v. Kings Department Stores,* 57 N.C. App. 13, 290 S.E. 2d 732, *disc. rev. denied,* 306 N.C. 385, 294 S.E. 2d 210 (1982). The allegations of the First Claim for Relief are insufficient to support a claim against the City of Kinston in contract. G.S. 160A-16 provides that:

> All contracts made by or on behalf of a city shall be in writing. A contract made in violation of this section shall be void and unenforceable unless it is expressly ratified by the council.

No express agreement is alleged to have been entered into between plaintiff and any person acting on behalf of defendant City.

Nor can a contract to pay for medical services be implied from the allegation that City's officers took Baker to Lenoir Memorial Hospital for treatment. In *Spicer v. Williamson, supra,* our Supreme Court quoted the general rule:

> The rule that where a person requests the performance of a service, and the request is complied with, and the service performed, there is an implied promise to pay for the services, does not apply where a person requests a physician to perform services for a patient *unless the relation of that person to the patient is such as raises a legal obligation on his part to call in a physician and pay for the services,* or the circumstances are such as to show an intention on his part to pay for the services, it being so understood by him and the physician. [Citation omitted.]

*Spicer, supra* at 489, 132 S.E. at 293 (emphasis supplied). Relating this general rule to the relationship of a governmental unit to a prisoner the Court said:

> It has been stated as a general rule of law, that, *in the absence of some express provisions of the law,* the public is not liable to a physician or surgeon for services rendered prisoners, even though they are insolvent, and unable to pay for such services themselves.

*Id.* at 491, 132 S.E. at 294 (emphasis supplied). The Court went on to hold that the Duplin County Board of Commissioners had a

duty, created by the provisions of statutes then in existence, to provide necessary medical attention to a prisoner in the custody of the sheriff and that the sheriff, in seeking medical treatment for the prisoner, had authority to bind the commissioners for payment of the reasonable charges for such services. The holding of *Spicer* has recently been followed by this Court in Annie Penn Memorial Hosp., Inc. v. Caswell County, 72 N.C. App. 197, 323 S.E. 2d 487 (1984), where a prisoner was shot by a deputy sheriff during the course of an arrest, taken by the deputy to a hospital for treatment, and the hospital was told by the deputy that the county would be responsible for payment. In both *Spicer* and *Annie Penn Memorial Hosp., Inc.*, the health care providers were expressly told by the officer that payment would be made.

In the case *sub judice* there is no allegation that either Lenoir Memorial Hospital or plaintiff was told that defendant City would pay for Baker's treatment. Applying the general rules of *Spicer* to this case, we find that no promise to pay plaintiff for medical services rendered Baker can be implied on the part of defendant City unless it is charged with a statutory duty to do so. G.S. 160A-287 provides authority for, but no duty for, a city to establish a lockup. The City of Kinston does not maintain a lockup; persons arrested by Kinston police officers, if confined, are confined in the Lenoir County jail, which is the local confinement facility for Lenoir County. G.S. 153A-216 *et seq.* provide standards for local confinement facilities. G.S. 153A-224(b) authorizes custodial personnel to secure emergency medical services for persons *confined* in a local confinement facility and provides that *the unit of local government operating the facility* shall pay for the cost of such services. No duty is imposed by statute upon the City of Kinston to pay for medical services rendered to persons in the custody of its police officers; therefore there is no relationship implied by law which would obligate the City to pay the costs of such treatment.

Although not necessary to our holding, we note that discovery which was conducted after dismissal of the claim against defendant City showed that Baker was not *arrested* by the officers for drunk and disruptive conduct. He was *assisted* by the officers, pursuant to G.S. 122-65.13, which authorizes officers to transport a person found intoxicated in a public place to a county jail, to be detained until he becomes sober. If such person

is in apparent need of immediate medical care, the officers are authorized to transport him to a hospital. G.S. 122-65.11(a)(4). The record does not suggest that Baker was injured due to any conduct on the part of Officers Lewis and Arndt. Rather, the record indicates that his injury was due to his intoxicated condition. The officers properly caused him to be transported to the hospital. G.S. 122-65.11 does not suggest that the governmental unit employing an officer who acts pursuant to the statute assumes responsibility for payment for the medical care rendered to the intoxicated person.

Plaintiff alleged, in its Second Claim for Relief, that defendant City has a constitutional obligation to provide necessary medical attention to those in the custody of its officers, including the obligation to pay for such treatment. In *Revere v. Massachusetts General Hospital*, 463 U.S. 239, 77 L.Ed. 2d 605, 103 S.Ct. 2979 (1983), the Supreme Court of the United States held that the due process clause of the federal constitution requires that a governmental entity provide medical attention to its detainees, but that the obligation to provide such care is satisfied when the injured person is taken promptly to a hospital which provides the necessary treatment. As long as the necessary medical care is provided, the constitutional duty is satisfied; allocation of costs is a matter of state law. *Id.* As previously discussed, under North Carolina law, the relationship of a municipality to persons in the custody of its officers, nothing else appearing, does not impose upon the municipality the obligation to reimburse a health care provider for the cost of medical treatment rendered to such persons.

[3] We also conclude that summary judgment was properly entered in favor of defendant Lenoir County. Plaintiff has presented no evidence that anyone acting on behalf of Lenoir County made any statement or promise to plaintiff hospital regarding payment for Baker's care and treatment; therefore, no express contract existed. We must therefore determine if plaintiff has shown facts from which such an obligation may be implied.

G.S. 153A-224(b) imposes a duty upon Lenoir County, as the governmental unit operating a local confinement facility, to pay the costs of emergency medical services rendered to persons confined in its jail. In *Spicer*, our Supreme Court construed similar

statutes to extend the duty of the county to pay for medical treatment rendered to "a person in the *lawful custody of the sheriff*, who is unable, because of the condition of the prisoner, to take him at once to the jail." *Spicer v. Williamson, supra* at 492, 132 S.E. at 294 (emphasis supplied). The undisputed facts show that Baker was not placed in the Lenoir County jail nor was he, at any time on 31 December 1982 or thereafter, placed in the custody of any officer or employee of the Lenoir County Sheriff's Department. There was no communication between any officer or employee of the county and either hospital regarding Baker's care and treatment until after his death, when plaintiff hospital demanded, and defendant County refused, payment. Thus, we hold that there is no genuine issue of material fact as to the existence of an implied promise by Lenoir County to pay plaintiff for Baker's care and treatment.

[4]  Plaintiff argues, however, that even in the absence of a contractual obligation to pay for Baker's treatment, Lenoir County has an obligation, imposed by Sections 3 and 4 of Article XI of the North Carolina Constitution, to pay for hospital care to its indigent residents. We find no such constitutional obligation. The North Carolina Supreme Court, interpreting Article XI, Section 7 of the Constitution of 1868, which was similar to Article XI, Section 4 of the present Constitution, stated:

> [I]t has been uniformly held in this State that the care of the indigent sick and afflicted poor is a proper function of the Government of this State, and that the General Assembly may by statute require the counties of the State to perform this function at least within their territorial limits.

*Martin v. Board of Comm'rs of Wake County*, 208 N.C. 354, 365, 180 S.E. 777, 783 (1935). In the absence of a delegation by the State to the counties of the obligation to pay the cost of medical care of the indigent sick, such obligation is that of the State. *Board of Managers v. Wilmington*, 237 N.C. 179, 74 S.E. 2d 749 (1953).

The General Assembly has delegated to the counties the duty to provide local public health services by the mandate contained in G.S. 130-13(a) (repealed, Session Laws 1983), effective 1 January 1984, now G.S. 130A-34) that "[each] county shall make public health services available to its residents." *Casey v. Wake County*, 45 N.C. App. 522, 263 S.E. 2d 360, *disc. rev. denied*, 300 N.C. 371,

267 S.E. 2d 673 (1980). With respect to hospital care, however, the General Assembly has only authorized, not required, counties and municipalities to establish public hospitals. General Statutes, Chapter 131 (repealed, Session Laws 1983, effective 1 January 1984). In authorizing counties to establish public hospitals, the General Assembly did not impose upon the counties the obligation to pay for hospital care rendered to its indigent citizens. We find no constitutional or statutory provision which would impose such an obligation on a county. In the absence of such a duty, clearly mandated and expressed by the General Assembly, we hold that no cause of action accrues in favor of a health care provider against a county to recover for the cost of hospital services rendered to an indigent resident of the county.

In summary, we hold that neither Sheriff Harper, the City of Kinston nor Lenoir County are liable to plaintiff hospital for the costs of its treatment of Fred Baker. In so holding, we recognize that an apparent gap exists between the provisions of G.S. 153A-224(b), the holdings of *Spicer v. Williamson, supra,* and *Annie Penn Memorial Hosp., Inc. v. Caswell County, supra,* and the status of a detainee in need of medical treatment who happens to be in the custody of city police officers rather than a sheriff or his deputy. We conclude, however, that the gap must be filled, if at all, by the General Assembly. It is for that body, not the courts, to devise means by which health care providers may be compensated for services rendered in treating indigent persons injured while in the custody of such officers.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.