510 S.E.2d 439

**MYRTLE BEACH HOSPITAL, INC., d/b/a Grand Strand Regional Medical Center, Appellant,**

v.

**CITY OF MYRTLE BEACH and Myrtle Beach Police Department, Respondents.**

No. 2914.

Court of Appeals of South Carolina.

Heard Nov. 4, 1998.

Decided Dec. 14, 1998.

Rehearing Denied Jan. 30, 1999.

Fred B. Newby and Michael H. Sartip, both of Newby, Pridgen & Sartip, of Myrtle Beach, for appellant.

James B. Van Osdell and Charles B. Jordan, Jr., both of Van Osdell, Lester & Howe, of Myrtle Beach, for respondents.

HOWELL, Chief Judge:

Myrtle Beach Hospital (Hospital) appeals the grant of the City of Myrtle Beach's (City) summary judgment motion in Hospital's action to recover hospital costs for medical care provided to pre-trial detainees from the City's Type I Detention Facility Overnight Lockup. We affirm.

## I.

The Hospital filed an action to recover costs for medical care provided to pre-trial detainees [1] and a declaratory judgment action determining the City's legal duty to pay for future medical care rendered to detainees. In response, the City moved for summary judgment arguing neither the United States Constitution nor state law impose a legal duty to pay medical bills incurred by pre-trial detainees.

Under the City's policies, if a detainee requires or requests medical care, the City must first contact Horry County EMS. If EMS determines the detainee needs additional care, he or she is transported to the Hospital. Because the Hospital receives federal funds, federal law mandates that the Hospital must treat individuals needing emergency care regardless of the individual's ability to pay. *See* 42 U.S.C.A. § 1395dd (Supp.1998).

The City has no agreement with the Hospital regarding the payment of medical bills related to the treatment of detainees. Moreover, the City does not pay and has consistently denied any obligation to pay for those bills unless the injury necessitating treatment occurred during the arrest or incarceration.

At the time of the action, the Hospital had approximately $300,000 in outstanding accounts for detainees brought by the City. There is no factual dispute between the parties regarding services the Hospital provided.

## II.

Although, in *City of Revere v. Massachusetts General Hospital,* 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983), the United States Supreme Court noted that the Eighth Amendment protection against cruel and unusual punishment does not apply until a person is convicted, the Court also held that the Due Process Clause "require[s] the responsible government or governmental agency to provide medical care to persons ... who have been injured while being appre-

---

1. The City houses arrestees prior to bond hearings and trial in its Type I Detention Facility Overnight Lockup. While there, the arrestees are known as "detainees." Once convicted, they are transported to a different facility and known as "prisoners."

hended by the police." While not specifically addressing this issue for pre-trial detainees who have not been injured at the hands of the police, but, nevertheless, need medical care, the Court wrote that "the injured detainee's constitutional right is to receive the needed medical treatment; how the city of Revere obtains such treatment is not a federal constitutional question." *Id.* at 245–46, 103 S.Ct. at 2984. Furthermore, the question of who pays for any care provided a pretrial detainee is a matter of state law. *Id.*

The Hospital contends that South Carolina law requires the City to pay the medical bills of its pretrial detainees based on various theories: 1) public policy; 2) legislative intent that governmental agencies bear the cost of medical care; 3) implied contract; and 4) quantum meruit. We disagree.

"Summary judgment is appropriate where it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Hamiter v. Retirement Div. of the S.C. Budget & Control Bd.*, 326 S.C. 93, 96, 484 S.E.2d 586, 587 (1997). "In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Id.*

First, the Hospital argues the weight of public policy requires that the City be responsible for bills incurred by pretrial detainees. In support of its argument the Hospital cites case law from several other states, noting that all but one state have determined that the governmental entity has a duty to pay.[2] The state not finding a duty, North Carolina, deter-

---

2. *Union County v. Warner Brown Hosp.*, 297 Ark. 460, 762 S.W.2d 798 (1989); *Washington Township Hosp. Dist. v. County of Alameda*, 263 Cal.App.2d 272, 69 Cal.Rptr. 442 (1968); *State v. Reed*, 192 Conn. 520, 473 A.2d 775 (1984); *Metropolitan Dade County v. P.L. Dodge Foundations, Inc.*, 509 So.2d 1170 (Fla.Dist.Ct.App.1987); *City of Plantation v. Humana, Inc.*, 429 So.2d 37 (Fla.Dist.Ct.App.1983); *Hospital Bd. of Directors v. Durkis*, 426 So.2d 50 (Fla.Dist.Ct.App.1982); *Dade County v. Hosp. Affiliates Int'l, Inc.*, 378 So.2d 43 (Fla.Dist.Ct.App.1979); *Cherokee County v. N. Cobb Surgical Assoc., P.C.*, 221 Ga.App. 496, 471 S.E.2d 561 (1996); *Saint Alphonsus Regional Med. Ctr., Ltd. v. Killeen*, 124 Idaho 197, 858 P.2d 736 (1993); *Saint Mary's Med. Ctr. v. Warrick County*, 671 N.E.2d 929 (Ind.Ct.App.1996); *Health & Hosp. Corp. v. Marion County*, 470 N.E.2d 1348 (Ind.Ct.App.1984); *Miller v. County of*

mined it is the responsibility of the legislature rather than the courts to assure health care providers will be reimbursed for services rendered to city detainees. *See Craven County Hosp.*, 331 S.E.2d at 695 (in the absence of a statutory duty, no cause of action accrued in favor of a health care provider against a county or city to recover the cost of hospital services for detainee injured while being helped by officers).

We agree with North Carolina that such a determination is for the legislature to decide and not the court system. The South Carolina legislature has not spoken on this issue. We are mindful of the extensive implications of finding a duty on the part of cities. It is conceivable that a detainee's hospital bill could force serious financial problems for small cities. In turn, this increased financial burden could affect the quality of police protection in those places. Consequently, in the absence of legislation, we decline to extend public policy to impose a duty to pay for the medical costs of pretrial detainees.

▮▮▮ Second, the Hospital claims that the legislative intent behind several statutes and State standards indicates that governmental agencies should bear the cost of their pretrial

*Dickinson*, 68 Iowa 102, 26 N.W. 31 (1885); *Wesley Med. Ctr. v. City of Wichita*, 237 Kan. 807, 703 P.2d 818 (1985); *Dodge City Med. Ctr. v. Bd. of County Comm'rs*, 6 Kan.App.2d 731, 634 P.2d 163 (1981); *L.P. Med. Specialists, Ltd. v. St. Louis County*, 379 N.W.2d 104 (Minn.Ct.App. 1985); *Pearl River County Bd. of Supervisors v. S.E. Collections Agency, Inc.*, 459 So.2d 783 (Miss.1984); *Montana Deaconess Med. Ctr. v. Johnson*, 232 Mont. 474, 758 P.2d 756 (1988); *Lutheran Med. Ctr. v. City of Omaha*, 229 Neb. 802, 429 N.W.2d 347 (1988); *Saint Barnabas Med. Ctr. v. County of Essex*, 111 N.J. 67, 543 A.2d 34 (1988); *Spicer v. Williamson*, 191 N.C. 487, 132 S.E. 291 (1926); *Craven County Hosp. Corp. v. Lenoir County*, 75 N.C.App. 453, 331 S.E.2d 690 (1985); *United Hosp. v. D'Annunzio*, 514 N.W.2d 681 (N.D.1994); *Hospital Serv., Inc. v. Dumas*, 297 N.W.2d 320 (N.D.1980); *Oklahoma ex rel. Dep't of Human Serv. v. Bd. of County Comm'rs*, 829 P.2d 961 (Okla.1992); *Oklahoma ex rel. Dep't of Human Serv. v. Bd. of County Comm'rs*, 831 P.2d 1006 (Okla.App.1991); *Texas Dep't of Corrections v. Sisters of St. Francis*, 836 S.W.2d 719 (Tex.App.1992) (no writ); *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wash.2d 439, 842 P.2d 956 (1993); *Harrison Memorial Hosp. v. Kitsap County*, 103 Wash.2d 887, 700 P.2d 732 (1985); *LaCrosse Lutheran Hosp. v. LaCrosse County*, 133 Wis.2d 335, 395 N.W.2d 612 (Ct.App.1986); *Saint Michael Hosp. v. County of Milwaukee*, 98 Wis.2d 1, 295 N.W.2d 189 (Ct.App.1980).

detainees' medical care.[3]  We disagree.  As the Hospital acknowledges, the legislature has not enacted a statute explicitly requiring governmental entities to pay for detainee medical care.  Also, the sections cited by the Hospital do not reveal any legislative intent on this issue.  More specifically, sections 24–1–20, 24–3–160, and 24–7–60 all deal with those who have been convicted, not pretrial detainees.  Section 24–1–130 lists the duties of the director of the Department of Corrections and does not involve any duty on the part of municipalities to pay for medical care of pretrial detainees.  In addition, we interpret section 2054 to relate to *access* to emergency medical care, not to impose a duty to pay for that care.[4]

■■■■  Third, the Hospital claims that the doctrine of implied-in-law contract commands that the City pay for its detainees' emergency care.  The elements of a contract implied in law are:  (1) a benefit conferred to a party;  (2) realization of that benefit by the party;  and (3) retention by the party of the benefit under conditions that make it inequitable for him to retain it without paying its value.  *Webb v. First Fed. Sav. & Loan Ass'n*, 300 S.C. 507, 511, 388 S.E.2d 823, 825 (Ct.App.1989).  Even if we assume that the first two elements of this test are satisfied in this case, we cannot conclude that the third element is satisfied.  By law, the Hospital must stabilize the detainees.  42 U.S.C.A. § 1395dd.  Moreover, as discussed above, the South Carolina legislature has not required the City to pay the medical bills of the detainees.  As a result, we do not believe it inequitable to allow the City to take its detainees to the Hospital without requiring the City to pay the detainees' medical bills.  Therefore, the Hospital does not have an action based on implied-in-law contract.

---

3.  The Hospital cites S.C.Code Ann. §§ 24–1–20, 24–1–130, 24–3–160, & 24–7–60 (1977 & Supp.1997).  In addition, the Hospital refers to section 2054 of the "Minimum Standards for Local Detention Facilities in South Carolina" (the South Carolina Department of Corrections's policy with regard to Type I Facility Overnight Lockups).

4.  Section 2054 provides that, "[e]ach facility shall provide twenty-four (24) hour emergency medical and dental care availability, as outlined in a written plan which includes arrangements for: ... Use of one (1) or more designated hospital emergency rooms or other appropriate health facilities."

■■ Finally, the Hospital claims that the City should pay the detainees' medical bills based on quantum meruit.[5] The elements of quantum meruit are:

> (1) valuable services or materials were furnished; (2) for the person sought to be charged; (3) these services and materials were accepted, used and enjoyed by the person sought to be charged; (4) under such circumstances as reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged.

*Webb,* 300 S.C. at 513, 388 S.E.2d at 827. Assuming that the Hospital has proven the first three elements, it has not proven the fourth element. The Hospital could not have expected to be paid for its services where the City had no legal duty to pay for the detainees' medical care and consistently denied it would do so.

In conclusion, the trial court correctly granted summary judgment to the City on the Hospital's collection action and request for a declaratory judgment. For the foregoing reasons, the order of the trial court dismissing the Hospital's action against the City of Myrtle Beach is

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.

---

5. The parties disagree as to whether or not quantum meruit and implied-in-law contract are the same. In *Webb,* this Court analyzed the claims of implied-in-law contract and quantum meruit separately. 300 S.C. at 510–514, 388 S.E.2d at 825–27. Therefore, we analyze them separately in this case as well.