THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ghanshyam Danny Patel,       
Respondent,
 
 
 

v.

 
 
 
Vinod Patel,       
Appellant.
 
 
 

Appeal From Horry County
J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No. 2004-UP-097
Submitted February 9, 2004  Filed February 
 17, 2004

AFFIRMED

 
 
 
H. Jay Haar, of Surfside Beach, for Appellant.         
William W. DesChamps, Jr., of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM: This is an action for the collection 
 of an indebtedness in the sum of $200,000.  Ghanshyam Danny Patel brought 
 this action against Vinod Patel, alleging breach of contract, breach of contract 
 accompanied by fraudulent act, constructive fraud, conversion, fraud and deceit 
 based upon misrepresentation, and negligent misrepresentation.  The master-in-equity 
 ruled in favor of Danny.  Vinod appeals, arguing a resulting trust theory.  
 We affirm. [1] 
FACTS
Danny has owned and operated motels 
 in the Myrtle Beach area since 1980.  Vinod is in the business of constructing 
 and owning motels and is a thirty-five percent shareholder in Classic Investment, 
 Inc., a South Carolina Corporation.   
In January 1998, Classic purchased 
 unimproved real property in Surfside Beach for $500,000.  Vinod and Danny each 
 advanced $250,000 to Classic to enable Classic to purchase the property.  The 
 $250,000 loan from Danny to Classic was evidenced by a promissory note from 
 Classic in favor of Danny.  Classics statement of assets, liabilities, and 
 stockholders equity as of December 1999 showed a land value of $500,000.  After 
 Classic purchased the property, it obtained a construction loan to build the 
 motel, and each of the shareholders guaranteed the loan.  Classic also entered 
 into a franchise agreement with Comfort Inn  the shareholders personally guarantying 
 the obligations.  Danny was never a guarantor of any franchise obligation or 
 construction loan. 
By 2000, Danny had advanced the total 
 principal sum of $575,000 to Vinod and Classic.  Classic received $375,000 and 
 Vinod received $200,000, pursuant to Vinods request and for use in constructing 
 the motel.  Danny testified that this $200,000 was independent of the $250,000 
 he advanced to Classic in January 1998.  In the confession of judgment, Classic 
 admitted liability to Danny for the $375,000.  In addition, the Final Order 
 and Judgment of Sale and Foreclosure confirmed the $375,000 indebtedness of 
 Classic in favor of Danny.  This $375,000 indebtedness includes the $250,000 
 advance Danny made to Classic in January 1998.
Although Classic admitted liability to Danny for 
 the $375,000, when Danny demanded payment from Vinod for his $200,000 indebtedness, 
 Vinod refused.  Danny brought this action alleging breach of contract, breach 
 of contract accompanied by fraudulent act, constructive fraud, conversion, fraud 
 and deceit based upon misrepresentations, and negligent misrepresentation.  
 At the April 24, 2002 hearing, the master-in-equity ruled in favor of Danny 
 and awarded judgment in the amount of $200,000 plus pre-judgment interest at 
 the legal rate of 8¾% from January 7, 2000 to the date of the order and post-judgment 
 interest at the rate of 12% per annum from the date of judgment until paid.  
 Vinod appeals, arguing the master erred in failing to find a resulting trust 
 was created in which title to the property would be conveyed from Classic to 
 Danny upon completion of the motel.
STANDARD OF REVIEW
Although an action to determine a resulting trust sounds in equity, 
 Vinods resulting trust defense is based on an alleged contract between Classic 
 and Danny for the reconveyance of Classics property.  Because an action on 
 a contract is one at law, this action is at law.  Therefore, we may only correct 
 errors of law and we are bound to uphold the masters findings of fact unless 
 there is no evidence that reasonably supports them.  Townes Assocs., Ltd. 
 v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
Vinod argues the $200,000 he received from Danny 
 was not a loan, but partial repayment for the $250,000 sum he allegedly advanced 
 on behalf of Danny to purchase the motel property in January 1998.  He contends 
 Danny wanted to purchase the property, but could only come up with half of the 
 purchase price; therefore, he provided the other half of the purchase price 
 as a loan to Danny.  As a result, he claims the trial court erred in failing 
 to find a resulting trust was created between him and Danny when he allegedly 
 advanced $250,000 to Danny and agreed to convey the property to Danny at a later 
 date.  
In asserting his resulting trust theory, Vinod 
 claims that title to the land was placed in the name of Classic for Dannys 
 benefit.  We disagree and find the evidence shows Vinod and Danny each advanced 
 $250,000 to Classic to enable Classic to purchase the real property.  
 A party attempting to prove the existence of a resulting trust in real property 
 must show by clear, definite, unequivocal, and convincing evidence that the 
 beneficiary of the trust paid a portion of the purchase money at the time of 
 the transaction.  Glover v. Glover, 268 S.C. 433, 435, 234 S.E.2d 488, 
 489 (1977).  Vinod failed to meet this burden of proof.  He did not prove by 
 definite, clear, unequivocal, and convincing evidence that the $250,000 Danny 
 advanced to Classic in January 1998 was partial payment for the real property, 
 instead of a loan to Classic.  The promissory note, confession of judgment, 
 and final order all document that the $250,000 Danny advanced to Classic in 
 January 1998 was a loan from Danny to Classic.  The promissory note, a written 
 contract, is binding against a claimed contemporaneous oral agreement that would 
 modify or vary it.  Ray v. South Carolina Natl Bank, Inc., 281 S.C. 
 170, 173, 314 S.E.2d 359, 361 (Ct. App. 1984).  Therefore, the written promissory 
 note, and the other written evidence, is controlling over Vinods alleged oral 
 agreement.  
Vinod alleges he intended for Classic to convey 
 its property and assets of Classic to Danny at a later date for a price to be 
 agreed upon.  However, for a resulting trust to be created, the beneficiary 
 of the trust, Danny, was required to pay the monies at the time of the purchase 
 of the property, not at some unspecified future date.  Glover, 268 S.C. 
 at 435, 234 S.E.2d at 489.  In addition, to form a binding contract, there must 
 be mutual manifestation of assent between the parties as to the contract terms, 
 and certain terms, such as price, time, and place, are indispensable and must 
 be set out with reasonable certainty.  McPeters v. Yeargin Constr. Co., 
 290 S.C. 327, 331, 350 S.E.2d 208, 211 (Ct. App. 1986).  If a contract does 
 not fix a definite price term, there must be a definite method for ascertaining 
 it.  Id.  Therefore, in the present case, because the alleged agreement 
 for Classic to convey its property to Danny did not specify a date, price, or 
 a method for ascertaining the price, it is not binding and is unenforceable.  

We find sufficient evidence establishing an express 
 contract between Danny and Classic for a $250,000 loan.  However, even if the 
 promissory note, confession of judgment, and final order did not document this 
 express contract, we find the evidence shows the existence of an implied contract 
 for repayment.  To have a contract implied by law, there must be a benefit conferred 
 to a party, a realization of that benefit, and an inequitable retention of the 
 benefit.  Myrtle Beach Hosp. Inc. v. City of Myrtle Beach, 333 S.C. 590, 
 596, 510 S.E.2d 439, 442 (Ct. App. 1998).  Danny conferred a benefit of $200,000 
 to Vinod.  Vinod realized that benefit by receiving and depositing the money 
 into his account.  Vinod unjustifiably retained the $200,000 without conveying 
 to Danny any valuable consideration.  Implied contracts are similar to restitution, 
 which permits recovery of that amount the defendant has been benefited at the 
 expense of the plaintiff in order to preclude unjust enrichment.  Costa & 
 Sons Constr. Co. v. Long, 306 S.C. 465, 468, 412 S.E.2d 450, 452 (Ct. App. 
 1991).  Based on an implied contract theory, Danny should recover the $200,000 
 consideration he paid to Vinod.
As Vinod has not appealed the trial courts findings 
 regarding the interest to be awarded on the $200,000, the trial courts findings 
 are the law of the case.  First Union Natl Bank of South Carolina v. Soden, 
 333 S.C. 554, 556, 511 S.E.2d 372, 378 (Ct. App. 1998).  Therefore, we affirm 
 the award of pre-judgment and post-judgment interest.  
CONCLUSION
Based on the above, we find no error of law by 
 the trial judge.  Vinods resulting trust defense is unsubstantiated.  All the 
 evidence establishes the $250,000 Danny advanced to Classic in January 1998 
 was a loan, and no binding contract existed for conveying Classics assets to 
 Danny.  Thus, the $200,000 Danny gave to Vinod was not repayment of a loan, 
 but was a loan to Vinod; hence, Danny is entitled to collect the $200,000 from 
 Vinod.  Therefore, the order of the trial court is
AFFIRMED. 
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.