426 So.2d 50 (1982)
HOSPITAL BOARD OF DIRECTORS OF LEE COUNTY, d/b/A Lee Memorial Hospital, Appellant,
v.
Robert T. DURKIS, Sheriff of Hendry County, Appellee.
No. 82-487.
District Court of Appeal of Florida, Second District.
December 29, 1982.
Rehearing Denied February 4, 1983.
Robert C. McCurdy, Fort Myers, for appellant.
E.G. Couse, Fort Myers, for appellee.
*51 SCHEB, Acting Chief Judge.
The trial court held that a public hospital could not recover from a sheriff for charges for medical services rendered to the sheriff's prisoner. The hospital appeals; we reverse.
Kevin Lansing, Jr., received a gunshot wound while being apprehended on January 16, 1979, in Glades County by deputy sheriffs from Glades and Hendry Counties. He was immediately transported by ambulance to Lee Memorial Hospital where he was admitted as a patient. His admission form showed beside his name "unable to sign." He was discharged on March 7 into the custody of the Hendry County Sheriff's Department. A deputy from that department took him directly to Hendry County Jail where he was confined awaiting trial.
On March 26 Lansing's condition worsened and the Sheriff of Hendry County had him returned to Lee Memorial for further treatment. This time Lansing signed himself into the hospital and also signed a contract agreeing to pay his hospital bill. On April 9 he was again discharged into the custody of a deputy from the Hendry County Sheriff's Department. Lansing was subsequently convicted and sentenced for armed robbery committed in Hendry County. The bill for both of Lansing's hospitalizations remained unpaid.
The Hospital Board of Directors of Lee County brought this action against the Sheriff of Hendry County to collect the hospital charges for Lansing's medical care. The trial judge considered the legal issues at pretrial conference and entered summary final judgment in favor of the sheriff. The court held that inasmuch as Lee Memorial was a public hospital, and since there was no prior contract or arrangement between it and the Sheriff of Hendry County relating to Lansing's treatment, the hospital could not recover. This appeal by the hospital ensued.
At the outset we note that section 951.23(2), Florida Statutes (1979), directs the Department of Corrections to establish rules and regulations with reference to furnishing medical attention to county prisoners. Pursuant to this section the Department has adopted Florida Administrative Code Rule 33-8.07, which provides that a sheriff must furnish medical care for his prisoners. However, there is no general statutory duty imposed on public hospitals to render free services to county prisoners. Nor does the Special Act creating Lee Memorial impose such a burden. See Ch. 63-1552, Laws of Florida, as amended.
In view of the above, we think the hospital could assume that since a sheriff has a legal duty to provide medical services for prisoners, he has authority to contract or make arrangements for hospitalization of a prisoner. Indeed, Florida Administrative Code Rule 33-8.07(1) authorizes a sheriff to "execute an agreement in writing, if at all possible, for appropriate care" of his prisoners. Admittedly, a more orderly arrangement would be for a sheriff to obtain a standing contract with a hospital for care of his prisoners. However, lack of such an arrangement is not fatal to the hospital recovering for the services it renders.
Here, Lansing needed emergency medical care and the hospital was not in a position to deny such treatment. § 401.45, Fla. Stat. (1979). We hold that a sheriff who has custody of such a prisoner is responsible for his immediate medical needs and impliedly agrees to pay the necessary and reasonable hospital charges when a prisoner in his custody must be hospitalized. Therefore, a hospital which admits the prisoner is entitled to rely upon the fact that a sheriff is authorized to contract or incur a debt for such reasonable and necessary medical treatment as is required.
*52 In passing, we note the attorney general has interpreted section 951.23 and its accompanying rules and regulations to impose a duty on a sheriff to provide medical care to any prisoner in his custody. In some instances the attorney general has urged that sufficient funds should be budgeted to cover the cost of providing such care to any prisoner in need. See 1972 Op.Att'y.Gen. Fla. 072-346 (October 11, 1972); 1975 Op. Att'y.Gen.Fla. 075-35 (February 17, 1975); 1975 Op.Att'y.Gen.Fla. 075-194 (July 8, 1975).
The trial court entered summary final judgment on the basis of Lee Memorial being a public hospital and the absence of a contract with the Hendry County Sheriff. Therefore, the court did not find it necessary to address any further issues in this litigation. Significantly, the issue of who had custody of Lansing at the time of his first admittance remains to be resolved. While the Hendry County Sheriff concedes he had custody of Lansing during his second hospitalization, there is a fact issue as to whether he or the Glades County Sheriff's Department had custody during Lansing's initial hospitalization. Moreover, there remains the issue of the reasonableness of the amount of the hospital bill as the appellee Sheriff has denied the hospital's allegations concerning the necessity and reasonableness of the bill. Therefore, on remand the trial court must adjudicate these and any other issues which remain.
Accordingly, we vacate the trial court's judgment and remand for further proceedings consistent with this opinion.
CAMPBELL and SCHOONOVER, JJ., concur.