CAMPBELL, Judge.
Appellant, Medical Center Hospital, Incorporated, appeals the trial court’s ruling that appellee, Gerard Coleman, as Sheriff of Pinellas County, was not responsible for medical bills incurred on behalf of a prisoner technically in custody of appellee. We reverse.
Daniel Ballenger was wanted on an active arrest warrant for desertion from the United States Navy. While that arrest warrant was outstanding, he was involved in a traffic accident in Pinellas County. Both a Pinellas County sheriffs deputy and a Florida Highway Patrol trooper arrived at the scene. After obtaining Ballen-ger’s driver’s license, the trooper requested the deputy to check for outstanding warrants and the desertion warrant was revealed. The trooper then advised Ballen-ger he would be taken to the Pinellas County Jail to await disposition of the warrant.
After being placed in the trooper’s patrol car, Ballenger reached for a gun which a previous search had not revealed. As the trooper swerved his vehicle to disrupt Bal-lenger’s use of the gun, it discharged and wounded Ballenger. An ambulance was called and Ballenger transported to the appellant hospital where he underwent surgery. He remained at the hospital some ten days either handcuffed or guarded by the Florida Highway Patrol. Members of the Pinellas County Sheriff’s Department made visits to the hospital for the purpose of obtaining evidence. Upon his release, Ballenger was transferred to federal authorities. Inexplicably, the federal authorities have failed to pay the medical bills.
The appellee argued below, and the trial court found, that Ballenger was never in the custody of appellee and, therefore, there was no responsibility by appellee to pay appellant’s bill. As this court observed in Hospital Board of Directors of Lee County v. Durkis, 426 So.2d 50 (Fla. 2d DCA 1982), section 951.23(2), Florida Statutes (1981), directs the Department of Corrections to adopt rules providing for medical attention for county prisoners. The department, in response to the statute, adopted Florida Administrative Code Rule 33-8.07, which requires a county sheriff to furnish medical care for his prisoners. The question in this case focuses on whether appellee had “technical custody” of Ballen-ger. We hold he did.
Section 321.05(1), Florida Statutes (1981), provides for members of the Florida Highway Patrol “to apprehend fugitives from justice.” Section 321.05(4)(a), provides that “the person arrested shall be delivered forthwith by said officer to the sheriff of the county_” Mr. Ballenger was in custody of the Florida Highway Patrol trooper for the purpose of delivering him to the Pinellas County Jail when the incident occurred which caused the hospitalization. As such, he was in technical custody of the sheriff when, instead of going to jail, he was detained at the hospital.
We observe that there are some inequities in requiring the citizens of the county wherein a prisoner is in custody to pay for medical expenses where the prisoner is held for other jurisdictions. However, that is a legislative problem and the legislation, as it presently exists, clearly calls for the custodial county sheriff to be responsible. We also feel compelled to wonder why the federal authorities should not demonstrate some responsibility for obligations which appear to be clearly theirs.
Reversed and remanded for treatment consistent herewith.
RYDER, C.J., and DANAHY, J., concur.