Mr. Joseph L. Passiatore County Attorney County of Charlotte 18500 Murdock Circle Port Charlotte, Florida 33948-1094
Dear Mr. Passiatore:
This is in response to your request for an opinion on substantially the following question:
 DOES s 901.35, F.S., REQUIRE THE COUNTY TO PAY ONLY FOR INJURIES OR ILLNESSES OR ARRESTEES WHICH ARISE FROM AND ARE DIRECTLY ATTRIBUTABLE TO THE CIRCUMSTANCES OF THE ARREST?
In 1983, the Legislature enacted Ch. 83-189, Laws of Florida, pertaining to the financial responsibility for medical expenses incurred for providing medical care, treatment, hospitalization and transportation of arrested persons. Section 1 of that law created s 901.35, F.S., which provides:
 (1) Notwithstanding any other provision of law, the responsibility for paying the expenses of medical care, treatment, hospitalization, and transportation for any person ill, wounded, or otherwise injured during or at the time of arrest for any violation of a state law or a county or municipal ordinance is the responsibility of the person receiving such care, treatment, hospitalization, and transportation. The provider of such services shall seek reimbursement for the expenses incurred in providing medical care, treatment, hospitalization, and transportation from the following sources in the following order:
 (a) From an insurance company, health care corporation, or other source, if the prisoner is covered by an insurance policy or subscribes to a health care corporation or other source for those expenses.
 (b) From the person receiving the medical care, treatment, hospitalization, or transportation.
 (2) Upon a showing that reimbursement from the sources listed in subsection
 (1) is not available, the costs of medical care, treatment, hospitalization, and transportation shall be paid:
 (a) From the general fund of the county in which the person was arrested, if the arrest was for violation of a state law or county ordinance; or
 (b) From the municipal general fund, if the arrest was for violation of a municipal ordinance.
 The responsibility for payment of such medical costs shall exist until such time as an arrested person is released from the custody of the arresting agency.
 (3) An arrested person who has health insurance, subscribes to a health care corporation, or receives health care benefits from any other source shall assign such benefits to the health care provider. (e.s.)
You state in your letter of inquiry that Charlotte County's question concerns whether it was the intent of the Legislature to require tertiary county reimbursement for preexisting illnesses or medical problems which are not in any way exacerbated or activated by the circumstances of arrest but which require treatment during the arrestee's period of incarceration in the county detention facility. Section 901.35, F.S., provides a three step procedure for the reimbursement of medical expenses. The statute provides that the provider of medical services first seek reimbursement from insurance companies, health care corporations, or other sources if the prisoner is covered by an insurance policy or subscribes to a health care corporation or other source. If those sources are not available, then reimbursement is to be sought from the person receiving the medical care, treatment, hospitalization or transportation. Finally, upon a showing that the above sources are unavailable, s 901.35(2)(a) places tertiary financial responsibility upon the general fund of the county for the medical expenses of any person who was ill, wounded or otherwise injured during or at the time of arrest for any violation of a state law or county ordinance. Cf., s 901.35(2)(b), F.S., placing such tertiary financial responsibility upon the general fund of a municipality for violations of municipal ordinances.
An examination of the legislative history surrounding the adoption of Ch. 83-189, Laws of Florida, indicates that the purpose of the new statute was two-fold: first, to give medical providers the authorization to seek reimbursement for expenses incurred from the arrestee's health insurance or other health care coverage and from the individual; second, to reapportion some of the financial burden for medical care for prisoners. See, Tapes 2 3, Corrections, Probation and Parole Committee, Florida HOuse of Representatives, May 10, 1982. Cf., Forehand v. Manly, 2 So.2d 864
(Fla. 1941) (legislative history of act may be examined for purpose of ascertaining and applying legislative intent); Smith v. Ryan,39 So.2d 281 (Fla. 1949); Utica Mutual Insurance Co. v. Jones,408 So.2d 769 (2 D.C.A.Fla., 1982) (in construing statute, court should consider its history, evil to be corrected, intent of legislature, subject regulated and object to be obtained).
Historically, the financial burden for medical care for prisoners in his custody generally has been placed on the sheriff. See, Hospital Board of Directors of Lee County v. Durkis, 426 So.2d 50
(2 D.C.A.Fla., 1982), wherein the court held that a sheriff who had custody of a prisoner was responsible for the prisoner's immediate medical needs and impliedly agreed to pay the necessary and reasonable hospital charges when the prisoners needed to be hospitalized. And see, AGO 75-47 stating that the test to determine whether the municipality or the sheriff is responsible for the medical expenses in question is the nature of the crime which the wounded person will be charged with or convicted of, i.e., for a violation of a state law or of a municipal ordinance. See also, AGO's 75-194, 75-35 and 72-346. Cf., AGO 76-139 relating to the responsibility of a municipality to provide all necessary medical care to municipal prisoners so long as such prisoners remain in custody in the city detention facility and regardless of whether they are indigent. In AGO 72-346 this office concluded that because of the legal duty of the sheriff to provide medical and hospital treatment for county prisoners in need of such services, "it follows that the expense of such treatment would be a legal expense of the sheriff's office for which funds should be budgeted along with other funds budgeted for the care of prisoners."
Section 901.35, F.S., seeks to reapportion the responsibility for some of those costs. The responsibility for reimbursing the provider of those expenses incurred for medical care, treatment, hospitalization and transportation of any person ill, wounded, or otherwise injured during or at the time of arrest is placed on the general fund of the county in which the person was arrested rather than on the sheriff's office, provided the arrest was for a violation of a state law or county ordinance and the other sources of reimbursement set forth in s 901.35 are unavailable. To the extent that the provisions of s 901.35 are inapplicable, it appears that the sheriff would continue to be responsible for the medical expenses of prisoners in his custody and that such expenses as a legal expense of his office would be payable from his budget. Cf., s 951.032, F.S., providing that a county or municipal detention facility incurring expenses for providing medical care, treatment, hospitalization or transportation may seek reimbursement for the expenses incurred, first, from the prisoner or person receiving such services, and second, from any insurance company, health care corporation or other source if the prisoner is covered by an insurance policy or subscribes to a health care corporation or other source for these expenses.
The liability placed upon the general fund of the county by s901.35, F.S., is restricted to those expenses incurred for medical care, treatment, hospitalization and transportation of persons "ill, wounded, or otherwise injured during or at the time of arrest." You inquire whether the foregoing language limits the liability of the county general fund to injuries or illnesses which arise from or are directly attributable to the arrest itself. Section 901.35 does not appear to so limit the county general fund's liability and in the absence of any evidence of legislative intent to the contrary, this office cannot read such a limitation or restriction into the statute. Instead s 901.35 seems to impose tertiary responsibility on the general fund for any medical expenses incurred for the treatment of persons ill or injured at the time of arrest, regardless of whether the person's condition arises from or is attributable to the circumstances of the arrest. This conclusion is supported by the discussions during the committee hearings considering CS/HB 830 (Ch. 83-189, Laws of Florida) which indicate the intent was that the new statute transfer the financial responsibility for the medical care and treatment of persons ill or injured at the time of arrest from the sheriff to the general fund of the county, regardless of whether the illness or injuries arose from or were directly attributable to the circumstances of the arrest. See, Tapes 2 3, Corrections, Probation and Parole Committee, supra. Additionally, subsection (2) of s 901.35 provides that the responsibility for payment of such medical costs exists until such time as an arrested person is released from the custody of the arresting agency. While there may be situations in which a question is raised as to whether a prisoner was ill at the time of arrest and subsequently required treatment while incarcerated at the county detention facility or whether the illness and need for treatment arose after the arrest but during the period of detention, any such dispute involves mixed questions of law and fact which this office cannot resolve. It is therefore my opinion, unless judicially or legislatively determined otherwise, that the provisions of s 901.35, F.S., requiring the general fund of the county in which the arrest was made to reimburse the provider of medical care, treatment, hospitalization, and transportation for any persons ill, wounded or otherwise injured during or at the time of arrest when the arrest was for a violation of a state law or county ordinance and upon a showing that the other sources of reimbursement set forth therein are unavailable, are not limited to those injuries or illnesses which arise from and are directly attributable to the circumstances of the arrest but instead apply to all illnesses or injuries that a prisoner had at the time of the arrest.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General