SCHOONOVER, Judge.
The City of Fort Myers, Florida (city), appeals from a summary judgment entered in an action brought against the city and Frank Wanicka, Sheriff of Lee County, Florida (sheriff), by the Hospital Board of Directors of Lee County, d/b/a Lee Memorial Hospital (hospital). We find that the court erred in entering a judgment against the city and, accordingly, reverse that part of the judgment. We, however, affirm the judgment in all other respects.
The hospital filed a twenty-two count complaint against the city and the sheriff seeking payment for hospital care and services provided to twenty-two people brought to the hospital by either city police officers, sheriff department deputies, or in one instance, a highway patrolman. All parties filed motions for summary judgment on twenty of the twenty-two counts. According to a stipulation entered into between the parties, city police officers brought people to the hospital for treatment or services in nineteen of the twenty instances. In the other instance in question, the person was brought to the hospital by a Florida highway patrolman. Following treatment, the patients were transported to the Lee County Jail to be booked on charges of violating various state statutes. The parties further stipulated that appropriate hospital care and services were provided to the individuals in question and that the hospital’s charges therefor were reasonable. It was also stipulated that the city maintains no city jail or municipal detention facility and that all persons detained by the city police are held as detainees of the county detention facility, the Lee *591 County Jail, pursuant to an interlocal agreement between the City of Fort Myers and Lee County.
After considering the motions, the trial court entered a partial summary judgment finding both the city and the sheriff liable to the hospital on all twenty counts contained in the parties’ motions for summary judgment. This timely appeal by the city followed.
A review of the allegations of the amended complaint indicates that the treatment and services provided by the hospital were of the type the hospital was required to provide pursuant to section 401.45, Florida Statutes (1981). There is, however, no general statutory duty imposed on public hospitals to render free services to prisoners, and the Special Act creating Lee Memorial Hospital does not impose such a burden. See Ch. 63-1552, Laws of Florida, as amended. See also, Hospital Board of Directors v. Durkis, 426 So.2d 50 (Fla. 2d DCA 1982). Absent a showing that each patient here had insurance or could pay for his care or treatment, the hospital, therefore, had the right to seek payment for the treatment and services it had provided from the law enforcement agency which had custody of the patient at the time of treatment.
Because of the agreement between the city and Lee County, all the persons involved in this case were destined to be confined at the county detention facility. Furthermore, section 951.23, Florida Statutes (1981), defines a municipal prisoner as a person who is detained in a municipal detention facility by reason of being charged with or convicted of violating a municipal law or ordinance and a county prisoner as a person who is detained in a county detention facility by reason of being charged with or convicted of either a felony or a misdemeanor. Since all persons here were charged with violating state laws, rather than city ordinances, they would be properly classified as county prisoners rather than as municipal prisoners at the time they were detained or taken into custody.
If the persons involved here had been taken to the county detention facility and “booked” before being taken to the hospital for treatment, they clearly would have been in the custody of the sheriff. Under those circumstances, the sheriff would clearly be responsible to the hospital because Florida Administrative Code Rule 33-8.07, promulgated pursuant to section 951.23(2), Florida Statutes (1981), requires the sheriff to furnish medical care to his prisoners. The fact that a prisoner is taken to the hospital on the way to the county detention facility does not shift this responsibility. Here, the city police officers arrested the persons involved for allegedly violating state statutes. The police officers obtained necessary medical treatment for the arrestees on the way to the detention facility, rather than after booking them into the facility. Technical custody, therefore, was in the sheriff when the transportation to the hospital began. Medical Center Hospital, Inc. v. Coleman, 462 So.2d 588 (Fla. 2d DCA), review denied, 471 So.2d 43 (Fla.1985). We, therefore, find that all twenty patients here were county prisoners at the time they were treated. We, accordingly, affirm the judgment entered against the sheriff. We reverse the judgment entered against the city and remand with instructions to enter a judgment for the city.
We note that situations such as those under consideration in this case are now controlled by section 901.35, Florida Statutes (1985). Pursuant to that statute, financial responsibility for medical care is placed on the county if the person is arrested for a violation of a state law or county ordinance and upon the municipality if the person arrested is charged with violating a municipal ordinance. The result reached in this case is consistent with that statutory provision.
Affirmed in part, reversed in part, and remanded.
SCHEB, A.C.J., and BOARDMAN, EDWARD F., (Ret.), J., concur.