Harry K. Singletary Secretary Department of Corrections
QUESTION:
May an unconscious or seriously injured person be directed to be received by a detention facility?
SUMMARY:
While it is a violation of an administrative rule to admit an unconscious or seriously injured person to a detention facility, detention facilities are required by statute to receive any individual lawfully directed to be brought to a facility. Prior to admission, however, the officer in charge must ensure that the prisoner receives necessary medical care.
Section 951.23(5)(a)2.a., F.S., authorizes and directs the Department of Corrections (department) to adopt rules and regulations prescribing minimum standards for "the furnishing to [prisoners] of medical attention and health and comfort items . . . ." Implementing this statute, the department has adopted Rule 33-8.004(3), F.A.C., which states:
 Detention facilities shall not admit an unconscious person or a person who appears to be seriously injured. The officer-in-charge shall ensure that any such person whom he takes into custody receives the necessary medical attention prior to admission.
Thus, while a detention facility is precluded from admitting an unconscious or seriously injured person, such a facility when it receives a person for admission is required to provide medical care if needed prior to the individual's admission.[1]
Your department has adopted Rule 33-8.007, F.A.C., which requires a detention or intake facility to have a "receiving medical screening procedure" which shall be performed during the admission process.[2]
This office has interpreted s. 951.23, F.S., and its accompanying rules to impose a duty on a sheriff to provide medical care to any prisoner in his custody.[3] Furthermore, it has been judicially determined that a sheriff who has custody of an inmate in need of emergency medical care is responsible for the inmate's immediate medical needs.[4]
You state that some detention facilities lack the necessary staff and medical resources to receive seriously injured or unconscious persons. These facilities have taken the position that the arresting authority is responsible for providing any necessary medical attention to a seriously injured or unconscious person prior to delivering such person to the detention facility. Section901.29, F.S., authorizes the law enforcement officer making an arrest to take the arrested person to a medical facility for such care as is appropriate. The person receiving the medical care, however, is primarily responsible for paying the expenses of receiving such care.[5] Section 901.35, F.S., lists by priority who is responsible for the payment of medical care provided to arrested persons in need of medical attention. In the event reimbursement is not available from the sources enumerated in s. 901.35(1), F.S., the general fund of the county or the city in which the person was arrested will be used for the payment of the medical costs incurred while the person is in custody.[6]
If a person who is arrested does not have a right to bail, that person must be delivered immediately into the custody of the sheriff of the county in which the indictment, information, or affidavit is filed.[7] Section 839.21, F.S., provides:
Any jailer or other officer, who willfully refuses to receive into the jail or into his custody a prisoner lawfully directed to be committed thereto on a criminal charge or conviction, or any lawful process whatever, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
It appears, therefore, that a prisoner, regardless of his state of consciousness or physical well being, who is lawfully directed to be committed to a detention facility must be received by the jailer or other officer in charge. As directed by Rule 33-8.004(3), F.A.C., however, the officer in charge of the detention facility must ensure that an unconscious or seriously injured prisoner is given appropriate medical care prior to being admitted to the facility.
[1] See, Rule 33-8.007, F.A.C.
[2] See, Rule 33-8.007(3), F.A.C.
[3] See, AGO's 72-346, 75-35 and 75-194.
[4] Hospital Board of Directors of Lee County v. Durkis,426 So.2d 50, 51 (2 D.C.A. Fla., 1982).
[5] Section 901.35, F.S.
[6] See also, s. 951.032, F.S., authorizing a county detention facility or municipal detention facility incurring expenses for providing medical care to seek reimbursement.
[7] See, s. 907.04, F.S.