STEVENSON, Judge.
The issue for consideration in this appeal is whether the Palm Beach County Sheriffs Office may entertain bids from towing companies to provide towing and related services associated with removal of private vehicles left stranded on public property due to traffic collisions, mechanical failure, or abandonment. We hold that the sheriffs office may solicit these types of competitive bids and award contracts to successful bidders in its bidding process. Therefore, we affirm the trial court’s entry of summary judgment in favor of the sheriff.
This dispute arose when the Palm Beach County Sheriffs Office solicited sealed bids from local towing companies to provide towing and storage of private vehicles which, for one reason or another, the sheriff is obligated to have removed from roadways and other public property. The proposal sought to divide Palm Beach County into six geographic zones and to award to a single towing company an exclusive three year contract for a particular zone. In addition, the proposal set forth the minimum acceptable contract standards with regard to vehicle storage capacity and equipment requirements and also the maximum rate which the towing companies would be permitted to charge under the terms of the proposed contract. In response to this solicitation for bids, appellants sought both an injunction and declaratory relief in .the form of a pronouncement that the sheriffs request for bids and the contemplated award of exclusive contracts was beyond the scope of his authority and in violation of the Palm Beach County ordinance providing that its provisions and the relevant statutes were to be the sole governing regulations upon towing businesses. The trial court rejected the position of the towing companies and entered summary judgment in favor of the sheriffs office.
With regard to the prerogative of the sheriffs office to enter into contracts with towing companies for the removal of private vehicles from public roadways, appellants point to the absence of any express authorization for this activity in section 30.15, Florida Statutes (1995), the statutory provision which delineates the powers and duties of sheriffs. See Art. II, § 5(c), Fla. Const, (stating “[t]he powers [and] duties ... of state and county officers shall be fixed by law”). Nevertheless, while there is no express authorization for the sheriff to enter into contracts with towing companies, section 30.15 grants sheriffs the authority to “[perform such other duties as may be imposed upon them by law.” One of the “other duties” imposed is the enforcement of traffic laws and removal of abandoned vehicles on county highways. See §§ 316.640(2), 316.194, Fla. Stat. (1995). Given these statutorily imposed responsibilities, we find that the sheriffs office has the authority to contract for the removal of vehicles in order to meet its obligations. Cf. Hospital Bd. of Dirs. of Lee County v. Durkis, 426 So.2d 50 (Fla. 2d DCA 1982)(holding that hospital was entitled to assume that since the sheriffs office has a legal duty to provide medical services to prisoners the office also has the authority to contract for the hospitalization of a prisoner, but that “a more orderly arrangement would be for a sheriff to obtain a standing contract with a hospital”).
Having found that the sheriffs office has the authority to contract for such services, the only question remaining is whether, to *386 the extent they exceed what is required by the county ordinance, the specifications set forth in the sheriff’s request for bids amounts to an invalid attempt to regulate the towing industry, as alleged by appellants. Palm Beach County has enacted article VII of the Palm Beach County Code, which regulates towing companies. These ordinances set forth licensure requirements, insurance requirements, vehicle inspection requirements, and establish the maximum allowable rates for towing and storage services. Palm Beaoh County, Fla., Code §§ 19-183,19-186, 19-187, 19-196. In addition, section 19-199 provides that the provisions of the ordinance “and the relevant Florida Statutes shall be the exclusive regulations applicable to the recovery, towing and removal of vehicles in the county....”
Appellants contend that in the face of this ordinance the limitations contained in the sheriffs request for bids regarding matters such as the maximum rate chargeable under the proposed contract, the minimum amount of acceptable storage space, and the amount and type of equipment required are an impermissible attempt to regulate. We disagree. The ordinance sets forth the minimum standards that a company must meet in order to do business in Palm Beach County and are distinctively regulatory in nature. The stipulations contained' in the sheriff’s office request for bids are nothing more than demands by á contracting party concerning what it requires in order to bind itself to an agreement with another party. The specifications contained in the sheriff’s bid proposals do not contravene the County’s regulatory authority nor do they amount to “regulations” in any real sense. We note, however, that in this opinion 'we have not been called upon to address the propriety of the particular competitive bidding procedures which were employed by the sheriff in this" ease.
AFFIRMED.
FARMER, J., and FRUSCIANTE, JOHN A„ Associate Judge, concur.