792 So.2d 1095 (2001)
BAPTIST HEALTH SYSTEMS, INC.
v.
CITY OF MIDFIELD.
1991338.
Supreme Court of Alabama.
March 2, 2001.
C. Steven Ball of Benton & Centeno, L.L.P., Birmingham; and Ben L. Zarzaur of Zarzaur & Schwartz, Birmingham, for appellant.
James W. Porter II and Kathryn L. Harman of Porter, Porter & Hassinger, P.C., Birmingham, for appellee.
WOODALL, Justice.
The plaintiff Baptist Health Systems, Inc., appeals from a summary judgment in favor of the defendant City of Midfield. We affirm.
On March 7, 1995, Warren Smith, an inmate in the City of Midfield jail, became ill. It was the policy of the Midfield Police Department to transport uninsured prisoners who became ill to Cooper Green Hospital. The police personnel telephoned an ambulance company and directed that Smith be taken to Cooper Green Hospital.
While the ambulance was en route to Cooper Green Hospital, Smith's condition worsened; therefore, Smith was taken instead to the nearest hospital, which was Baptist Medical Center Princeton. When he was admitted to that hospital, Smith was unable to sign a form entitled "Conditions of Admission and Consent for Treatment." No one from the City of Midfield signed any form concerning Smith's admission to Baptist Medical Center Princeton.
Smith remained in the hospital until March 21, 1995. The charges for the hospitalization totaled $55,089. The hospital demanded that the City of Midfield pay the bill, but the City refused to do so.
*1096 Baptist Medical Center Princeton is operated by Baptist Health Systems, Inc. ("Baptist Health"). On October 8, 1997, Baptist Health sued Warren Smith and the City of Midfield, seeking to recover its charges for Smith's hospitalization. Smith was dismissed without prejudice because he could not be found for service of process.
On July 13, 1999, the City of Midfield moved for a summary judgment, contending that it had no legal liability for paying the hospital's charges for treating Smith. On September 15, 1999, Baptist Health moved for a summary judgment, contending that, pursuant to Ala.Code 1975, § 14-6-19, the City had a duty to provide, at its own expense, medical attention to a sick inmate such as Warren Smith.
The trial court denied Baptist Health's summary-judgment motion. The court granted the City of Midfield's motion, holding that "as a matter of law ... the Defendant City of Midfield is not responsible for the medical bill of Warren Smith." Baptist Health appealed.
The issue whether an Alabama municipality can be required to pay the medical bills of its jail inmates is an issue of first impression. The hospital argues that municipal liability for such expenses can be supported by several theories. We find no merit to any of the theories.
In its summary-judgment motion, Baptist Health argued: "Pursuant to [Ala. Code 1975, § 14-6-19], the city has a duty to provide, at [its] expense, medical attention to the sick or injured that is deemed necessary." That argument is without merit. Ala.Code 1975, § 14-6-19, provides:
"Necessary clothing and bedding must be furnished by the sheriff or jailer, at the expense of the county, to those prisoners who are unable to provide them for themselves, and also necessary medicines and medical attention to those who are sick or injured, when they are unable to provide them for themselves."
(Emphasis added.) By its very terms, that section applies only to prisoners who are confined in a county jail, and its terms have been strictly construed. See Malone v. Escambia County, 116 Ala. 214, 22 So. 503 (1897), and Limestone County v. City of Huntsville Hosp. Bd., 412 So.2d 792 (Ala.Civ.App.1982). The section cannot be construed to impose any duty upon a municipality.
Baptist Health contends that the City of Midfield has a constitutional duty to provide necessary medical care for its inmates and that providing necessary medical care includes paying for the care provided. The relevant constitutional duty has been described accurately by the Court of Appeals of South Carolina:
"Although, in City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244, 103 S.Ct. 2979, 2983, 77 L.Ed.2d 605 (1983), the United States Supreme Court noted that the Eighth Amendment protection against cruel and unusual punishment does not apply until a person is convicted, the Court also held that the Due Process Clause `require[s] the responsible government or governmental agency to provide medical care to persons ... who have been injured while being apprehended by the police.' While not specifically addressing this issue for pre-trial detainees who have not been injured at the hands of the police, but, nevertheless, need medical care, the Court wrote that `the injured detainee's constitutional right is to receive the needed medical treatment; how the city of Revere obtains such treatment is not a federal constitutional question.' Id. at 245-46, 103 S.Ct. at 2984. Furthermore, the question of who pays for any care provided a pretrial detainee is a matter of state law. Id."

*1097 Myrtle Beach Hosp., Inc. v. City of Myrtle Beach, 333 S.C. 590, 593-94, 510 S.E.2d 439, 440-41 (1998), aff'd as modified on other grounds, 341 S.C. 1, 532 S.E.2d 868 (2000). We have found no Alabama statute imposing upon a municipality the obligation to pay the costs of medical treatment rendered to a person in its custody. In the absence of a constitutional or statutory duty, the municipality cannot be liable for such costs unless this Court recognizes a public policy imposing on a municipality a duty to pay such costs.
Baptist Health argues that allowing a municipality "to deny ... liability for payment of medical expenses for prisoners in its city jail sets ... bad public policy and creates an inequitable situation." However, that argument would be properly addressed to the Legislature, not this Court.
"It is well established that the power of the Legislature under the state constitution is supreme in prescribing the powers and duties of municipalities. Trailway Oil Co. v. City of Mobile, 271 Ala. 218, 122 So.2d 757 (1960). It is not for this Court to substitute its judgment for that of the Legislature. City of Jasper v. Daugherty, 424 So.2d 615 (Ala.1982)."
Siegelman v. Folmar, 432 So.2d 1246, 1248 (Ala.1983). In the absence of legislation, we decline to recognize a duty that could result in substantial financial liabilities for municipalities.
The trial court correctly held that the City of Midfield is not responsible for the charges billed by Baptist Health for Warren Smith's treatment at Baptist Medical Center Princeton. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., dissents.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. The assumption of absolute physical control over a person by a municipality in its arrest and incarceration of that person entails a concomitant duty to ensure that person's physical safety. Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). See also Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), Helling v. McKinney, 509 U.S. 25, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), and Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990). Responsibility for such medical care as this inmate needed is part of that duty. Hudson, Farmer, and Washington. See also Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), reh. denied, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977).