The **PEOPLE of the State of Colorado,**
Plaintiff–Appellee,

v.

**Carroll FELGAR, Defendant–Appellant.**

No. 00CA1760.

Colorado Court of Appeals,
Div. III.

July 5, 2002.

Rehearing Denied Oct. 24, 2002.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Carroll Felgar, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of fraud by check and one count of acting as a small-volume dealer of livestock without a license. We affirm in part and reverse in part.

Defendant was in the business of buying and selling horses. He would pay for his purchases with a check drawn on his personal account. In July 1999, he wrote two checks to a consignment firm in payment for a horse and equipment. The checks, although presented twice for payment, did not clear the bank because of insufficient funds in defendant's account.

At trial, defendant admitted writing the checks, but denied that he had intended to defraud. He further testified that he did not realize that a license was required to sell livestock.

## I.

■ Defendant contends that the trial court erred in its instructions to the jury on the fraud by check charges. He does not challenge the constitutionality of § 18–5–205(8), C.R.S.2001, but rather argues that the trial court, relying on that statute, erred in instructing the jury that it could presume that he had knowledge of insufficient funds in his account if there were insufficient funds to pay the checks within thirty days after they were issued. He asserts that this instruction created an improper mandatory presumption, and therefore his convictions for fraud by check must be vacated. We agree.

■ The prosecution bears the burden of establishing every essential element of an alleged offense beyond a reasonable doubt. *Griego v. People,* 19 P.3d 1 (Colo.2001).

■ A mandatory presumption shifts to the party against whom it operates either the burden of producing evidence or the burden of persuasion, and if that party fails to satisfy this burden, the trier of fact must accept the presumed fact provided it finds the predicate fact. In contrast, a permissive presumption, which is also described as a permissive inference, does not shift any burden to the opposing party, but instead allows the trier of fact to find the inferred fact from the proof of the predicate fact. In criminal cases, to avoid issues of constitutional dimension, presumptions are ordinarily construed to raise only permissive inferences. *People in re R.M.D.,* 829 P.2d 852 (Colo.1992). A permissive inference or presumption can pass constitutional muster, but a mandatory or mandatory rebuttable presumption violates due process of law. *Jolly v. People,* 742 P.2d 891 (Colo. 1987).

■ Because of the serious constitutional implications in the use of presumptions, courts generally construe criminal statutes as raising permissive inferences only. Such construction complies with the basic principle that if a statute will bear different interpretations, only one of which is constitutional, it should be construed in accordance with the constitutional interpretation. *Jolly v. People, supra.*

Here, the trial court's elemental instruction to the jury concerning fraud by check included the element: "Knowing [he] had insufficient funds with [the bank]." The court also gave the following instruction:

## SPECIAL RULE

The prosecutor must establish the required culpable mental state. However, for the purposes of this offense, the issuer's knowledge of insufficient funds is presumed, except in the case of a postdated check, if he has insufficient funds upon deposit with the bank to pay the check on presentation within thirty days after issue.

The special rule instruction tracks part of the language of § 18–5–205(8), which provides:

This section does not relieve the prosecution from the necessity of establishing the required culpable mental state. However, for purposes of this section, the issuer's knowledge of insufficient funds is presumed, except in the case of a postdated check or order, if: . . .

(b) He has insufficient funds upon deposit with the bank or other drawee to pay the check or order, on presentation within thirty days after issue.

■ An instruction that tracks the language of a statute is ordinarily sufficient. *People v. James,* 40 P.3d 36 (Colo.App.2001). However, instructing the jury in the precise language of § 18–5–205(8)(b) fails to convey the meaning of the statute when, as explained below, it is properly construed as creating a permissive inference.

It is presumed that, in enacting legislation, the General Assembly intends statutes to conform to federal and state constitutional requirements. Section 2–4–201, C.R.S.2001. If a statute is susceptible of both constitutional and unconstitutional interpretation, we must adopt a constitutional construction if it

is reasonably consistent with legislative intent. *People in re R.M.D., supra.*

■ We must construe statutes to give effect to legislative intent and interpret them as a whole so as to give effect to all parts. *State v. Nieto,* 993 P.2d 493 (Colo.2000).

■ Reading § 18-5-205(8) as a whole, it is clear that the General Assembly did not intend to create a mandatory presumption. The first sentence in the section states that it does not relieve the prosecution of its burden of proof. This sentence would be rendered meaningless if the rest of the section created a mandatory presumption that relieved the prosecution of part of its burden of proof.

Therefore, we construe § 18-5-205(8) to create a permissive inference that a defendant has knowledge of insufficient funds if he has insufficient funds in the bank to pay a check that is presented for payment within thirty days after issue.

Here, the special rule instruction was defective because it did not make clear that evidence of defendant's insufficient funds in the bank created only an allowable inference that the jury could use, but was not required to use, in determining whether the prosecutor had proved the "knowing" element of the fraud by check statute. The jury could have viewed the instruction as a mandatory presumption or a mandatory rebuttable presumption. In either case, it violates due process of law by shifting the burden of producing evidence or the burden of persuasion on an essential element of the crime. *See Jolly v. People, supra* (holding that instruction that stated a permissible inference as a mandatory presumption constituted reversible error); *see also* CJI–Crim. 37:02 (Supp.1993)(a permissible inference of knowledge instruction based on the statute addressed in *Jolly* ).

The special rule instruction, while not part of the elemental instruction, had the effect of removing the "knowing" element by creating a mandatory presumption that defendant knew he had insufficient funds to pay the check. Such an instruction is equivalent to misdescribing or omitting an element, *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), and, as stated above, violates due process.

■ An instruction that omits or misdescribes an element is subject to harmless error analysis. The test for determining whether such an instruction is harmless is whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict. *Neder v. United States, supra; Griego v. People, supra.*

Here, the special rule instruction failed to tell the jurors that they were not required to make the inference of knowledge based on the predicate fact. Rather, it told them that for the offense of fraud by check, "knowledge of insufficient funds is presumed" if the predicate fact is established. The common definition of "presume" in this context is "to accept as true or credible without proof or before inquiry." *Webster's Third New International Dictionary* 1796 (1986). Thus, without further instruction on the proper use of the permissive inference, the jury was told in effect that the knowledge element was established without further proof if the predicate fact was established.

The other instructions concerning the burden of proof did not cure this defect. Those instructions are couched in general terms, while the special rule instruction is applicable to "this offense." Therefore, the jury reasonably could have concluded that the "special rule" prevailed over the general rules.

The prosecution also argues that the record as a whole contains overwhelming evidence that defendant knew he had insufficient funds in the bank to pay the checks. Our review of the record does not lead us to this conclusion. The evidence raised a question of fact as to defendant's knowledge, and the question should have been submitted to the jury.

Under these circumstances, we cannot conclude beyond a reasonable doubt that the erroneous instruction did not contribute to the verdict. Accordingly, the judgment of conviction on counts two and three cannot stand.

## II.

Defendant also contends that the evidence is insufficient to support his conviction for acting as a small-volume dealer of livestock without a license because the prosecution failed to establish the venue for the offense. We do not agree.

### A.

 Defendant argues that the prosecution's failure to prove the venue for this offense requires that his conviction be vacated. We reject this contention.

In relevant part, § 18-1-202(11), C.R.S. 2001, provides:

> Proof of the county in which the offense occurred ... shall not constitute an element of any offense and need not be proven by the prosecution at trial unless required by the statute defining the offense. Any challenge to the place of trial pursuant to this section shall be made by motion in writing no later than twenty days after arraignment, except for good cause shown.... Failure to challenge the place of trial as provided in this subsection (11) shall constitute a waiver of any objection to the place of trial.

Section 12-16-115(1)(e), C.R.S.2001, which sets forth the elements of acting as a small-volume dealer of livestock without a license, does not require proof of venue as an element of the offense. Therefore, the prosecution was not required to prove venue.

 Further, defendant failed to challenge venue as required by the statute. Thus, defendant has waived any objection he may have had to venue. *See People v. Joseph*, 920 P.2d 850 (Colo.App.1995)(venue provisions are solely for the defendant's benefit and may be waived).

### B.

 Defendant also argues that he cannot have waived any objection to venue because § 18-1-202(11), is unconstitutional. However, because the constitutionality of § 18-1-202(11) was not raised in the trial court, we decline to address it on appeal. *See People v. Lesney*, 855 P.2d 1364 (Colo.

1993); *People v. Cagle*, 751 P.2d 614 (Colo. 1988).

The judgment is reversed as to the convictions on the fraud by check counts. The judgment is affirmed in all other respects.

Judge JONES and Judge ROTHENBERG concur.