POUDRE VALLEY HEALTH CARE INC., d/b/a Poudre Valley Hospital, Plaintiff–Appellee,

v.

CITY OF LOVELAND, a Colorado Municipal Corporation, Defendant–Appellant.

No. 02CA0550.

Colorado Court of Appeals, Div. IV.

July 17, 2003.

Certiorari Denied March 8, 2004.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Law Office of Carole C. Schriefer, Carole C. Schriefer, Fort Collins, Colorado, for Plaintiff–Appellee.

Hall & Evans L.L.C., David R. Brougham, Denver, Colorado, for Defendant–Appellant.

Bell, Boge & Associates, P.C., Gregory S. Bell, for Amicus Curiae Colorado Health & Hospital Association.

Opinion by Judge KAPELKE.

Defendant, City of Loveland (City), appeals from the summary judgment entered by the trial court in favor of plaintiff, Poudre Valley Health Care, Inc., d/b/a Poudre Valley Hospital (Hospital). The issue presented is one of first impression in Colorado: whether a governmental entity has an obligation to pay for outside medical costs incurred in the care and treatment of a pretrial detainee in its custody. We conclude that such an obligation exists, and we therefore affirm.

Following his arrest by City of Loveland police officers, a pretrial detainee injured himself when he escaped through the window of a police transport van that was traveling at a high speed. He was taken by ambulance to the Hospital, where he underwent medical treatment, including surgery, and remained for several days. The Hospital presented a statutory claim to the City for $26,625, the cost of the medical treatment and hospitalization. The City denied the claim.

In this action, the Hospital seeks to recover from the City the costs of the medical treatment provided the detainee. In the trial court, the parties stipulated to the facts and the Hospital moved for summary judgment, arguing that a governmental entity's constitutional and statutory duty to provide medical care to a person in its custody includes a corresponding duty to compensate the provider of that care. The trial court granted the Hospital's motion and entered judgment against the City in the amount of the claimed medical costs.

The City contends that there is no constitutional or statutory basis for the Hospital's claim and that the trial court therefore erred in granting summary judgment. We disagree.

We review de novo a trial court's grant of summary judgment. *Ryder v. Mitchell*, 54 P.3d 885 (Colo.2002).

In *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme Court held that the constitutional prohibition against cruel and unusual punishment under the Eighth Amendment requires governmental entities to provide medical care for convicted prisoners.

Later, in *City of Revere v. Massachusetts General Hospital*, 463 U.S. 239, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983), the Court determined that, based on the Due Process Clause of the Fourteenth Amendment, governmental entities also have a duty to provide medical care to pretrial detainees in their custody.

In *Revere*, however, the Court declined to hold that the Constitution requires the detaining governmental entity to pay the costs incurred by the medical provider. The Court stated: "[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *City of Revere v. Mass. Gen. Hosp., supra*, 463 U.S. at 245, 103 S.Ct. at 2983.

Accordingly, here, we must apply Colorado law in determining whether the City is liable for the costs incurred by the Hospital in affording medical care and treatment to the pretrial detainee.

The Hospital argues that Colorado statutory law imposing a duty on governmental entities to provide medical care for detainees in their custody supports the trial court's ruling here. We agree.

A reviewing court must construe statutes so as to give effect to the legislative intent and must interpret them as a whole in order to give effect to the entire statutory scheme. *People v. Felgar*, 58 P.3d 1122 (Colo.App. 2002). To discern that intent, we must look first to the plain language of the statute and interpret the words in accordance with their commonly accepted meanings. *Bodelson v.*

*City of Littleton,* 36 P.3d 214 (Colo.App. 2001).

No Colorado statute expressly addresses the allocation of costs of medical care for pretrial detainees. However, as the Hospital points out, § 16–3–401(2), C.R.S.2002, imposes a duty on a detaining governmental entity to provide such medical care:

> *Persons* arrested or *in custody shall be treated humanely and shall be provided with* adequate food, shelter, and, if required, *medical treatment.* Anyone receiving medical treatment while held in custody may be assessed a medical treatment charge as provided in section 17–26–104.5, C.R.S.

(Emphasis added.)

Courts in other jurisdictions have considered whether a statutory duty of a governmental entity to provide medical care includes or implies an obligation to pay the costs of such care.

For example, in *United Hosp. v. D'Annunzio,* 514 N.W.2d 681, 684 (N.D.1994), the North Dakota Supreme Court held that a statute requiring "[t]he governing body of each jail [to] ... [e]nsure that inmates have adequate medical care" includes "the inherent duty to pay for such care." In so ruling, the court quoted a North Dakota attorney general opinion: "It would be illogical to assume that the governing body of a jail would be financially responsible for the medical care and treatment of an inmate if provided in the jail, but would not be financially responsible for that same treatment if provided by an established medical facility such as a local hospital." *United Hosp. v. D'Annunzio, supra,* 514 N.W.2d at 686 (citing North Dakota Attorney General Opinion 14 at 4 (1986)).

A panel of the Florida District Court of Appeal made a similar ruling in *Hospital Board of Directors v. Durkis,* 426 So.2d 50, 51 (Fla.Dist.Ct.App.1982). Based on a Florida statute obligating sheriffs to furnish medical care for prisoners, the panel held that "a sheriff who has custody of such a prisoner is responsible for his immediate medical needs and impliedly agrees to pay the necessary and reasonable hospital charges when a prisoner in his custody must be hospitalized."

In contrast, in *Myrtle Beach Hospital, Inc. v. City of Myrtle Beach,* 341 S.C. 1, 532 S.E.2d 868 (2000), relied on by the City here, the South Carolina Supreme Court held that statutes mandating the humane treatment of inmates of the state penitentiary and county jails, and making the director of the Department of Corrections responsible for proper care of the prisoners, did not demonstrate a legislative intent concerning the allocation of medical expenses for *pretrial* detainees.

Similarly, the Alabama Supreme Court, in *Baptist Health Systems, Inc. v. City of Midfield,* 792 So.2d 1095 (Ala.2001), rejected an argument that a governmental entity was liable for medical costs of a pretrial detainee where the pertinent statute, by its express terms, applied only to medical treatment afforded prisoners confined in a county jail. The court reasoned that, in the absence of any statute imposing an obligation to pay the costs of medical treatment rendered to a pretrial detainee, the entity would not be liable.

Unlike the statutes addressed in *Myrtle Beach Hospital* and *Baptist Health Systems, supra,* however, § 16–3–401(2) expressly imposes on the detaining entity a duty to provide medical treatment for individuals "in custody." The statutory duty in Colorado is not limited to treatment afforded individuals who have already been convicted and incarcerated.

We agree with the analysis and holdings in *United Hospital v. D'Annunzio, supra,* and *Hospital Board of Directors v. Durkis, supra,* that where, as here, a state statute unambiguously imposes a duty on governmental entities to provide medical treatment and care for detainees in their custody, such a duty includes or, at a minimum, implies an inherent obligation to pay the costs of such treatment and care. Our conclusion accords with the General Assembly's evident intent to place the duty to provide such medical care on the entities holding the detainees.

The City argues that the Colorado statutes do not create a private right of action in favor of a medical provider such as the Hos-

pital here, and that the trial court therefore erred. In asserting this argument, the City relies on *Board of County Commissioners v. Moreland,* 764 P.2d 812 (Colo.1988), and *Quintano v. Industrial Commission,* 178 Colo. 131, 495 P.2d 1137 (1972).

In *Moreland,* the court stated: "We agree that based on *Quintano,* the absence of a clear expression of legislative intent to allow a civil liability remedy for breach of the obligations imposed on the County by the [building code] precludes recovery by [plaintiff] in this case." *Bd. Of County Comm'rs v. Moreland, supra,* 764 P.2d at 817.

Here, however, the Hospital does not contend that § 16-3-401(2) creates a private right of action, as such, based on a breach or violation of a statutory duty owed by the City. On the contrary, the treatment provided by the Hospital actually served to *fulfill* the City's statutory duty to provide medical care to the pretrial detainee in its custody. Under these circumstances, the cases discussing creation of private rights of action based on violations of statutory duty are simply inapposite in our view.

Rather, the Hospital's position—and the basis of our ruling—is that in expressly requiring governmental entities to provide medical care to pretrial detainees, the General Assembly intended to impose a corollary duty to pay for such care. It is illogical to assume that the General Assembly intended to impose a duty on governmental entities to provide or arrange for the provision of such care for pretrial detainees, but did not intend to require the entities to pay the very medical providers through whose efforts that duty is discharged.

We therefore conclude that the trial court did not err in entering summary judgment determining that the City is liable to the Hospital for the medical costs incurred in the treatment and care of the pretrial detainee.

The judgment is affirmed.

Judge ROTHENBERG and Judge DAILEY concur.