LYONS, Justice.
Volvo Trucks North America, Inc. (“Volvo Trucks”), appeals from an arbitration award entered against it in favor of Dolphin Line, Inc. (“Dolphin”). We affirm.

Factual Background and Procedural History

In April 2006, Dolphin sued Volvo Trucks, Volvo Group North America, Inc. (“Volvo Group”), and Kenworth of Mobile, Inc., d/b/a Volvo Trucks of Mobile (“Ken-worth”), in the Mobile Circuit Court. In its complaint, Dolphin alleged that it had entered into an agreement with Volvo Trucks, Volvo Group, and Kenworth (collectively “the defendants”) whereby Dolphin agreed to purchase several vehicles from the defendants on the condition that the defendants would subsequently repurchase the vehicles at a specified price. Dolphin alleged that the defendants subsequently failed to repurchase the vehicles and that Dolphin suffered financial injury as a result. Dolphin stated claims of breach of contract, misrepresentation, unjust enrichment, and promissory estoppel.
Kenworth moved to stay the action and to compel arbitration, arguing, based on certain predispute agreements with Dolphin, that arbitration was required under the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (“the FAA”). Subsequently, Volvo Trucks and Volvo Group jointly moved to stay the action and to compel arbitration based on related arguments. The trial court denied the defendants’ motions, and the defendants appealed the trial court’s decision to this Court. In Kenworth of Mobile, Inc. v. Dolphin Line, Inc., 988 *1052 So.2d 534 (Ala.2008), this Court reversed the trial court’s decision and directed the trial court to enter an order staying the action and compelling Dolphin to arbitrate its claims against the defendants.
Subsequently, on April 25, 2008, the parties entered an agreement they styled “Post Dispute Arbitration Agreement.” That agreement provided, in relevant part:
“[Dolphin], Volvo North America, Inc.[1] and [Volvo Trucks] (collectively Volvo’), and [Kenworth], through counsel, agree to arbitrate all disputes set forth in the Demand (and any amendments thereto) under 1975 Code of Alabama, § 6-6-1, et seq., according to the following terms and conditions:
[[Image here]]
“3. In making any award, the Arbitrator shall follow controlling Alabama laws and precedents.”
Pursuant to the agreement, the dispute was presented to an arbitrator on November 18 and 19, 2008. It is undisputed that Kenworth and Dolphin had by that time reached a settlement agreement and that Kenworth did not participate in the arbitration. On May 28, 2009, the arbitrator issued a decision awarding Dolphin $1,245,348 against Volvo Group and Volvo Trucks.
On June 26, 2009, Volvo Trucks filed a notice of appeal to this Court from the arbitrator’s decision; that appeal was assigned case no. 1081277. Also on June 26, 2009, Volvo Group, stating that it had been incorrectly identified as Volvo Trucks, filed a motion with the Mobile Circuit Court to alter, amend, or vacate the arbitrator’s award under Rule 59 and Rule 71B, Ala. R. Civ. P. Volvo Group argued that the arbitrator’s decision conflicted with Alabama law and, citing this Court’s decision in Birmingham, News Co. v. Horn, 901 So.2d 27 (Ala.2004), overruled by Hereford v. D.R. Horton, Inc., 13 So.3d 375 (Ala.2009), argued that the award should be set aside as being in manifest disregard of the law.
Dolphin responded to Volvo Group’s motion and subsequently moved the trial court to enter the arbitrator’s decision as a final judgment under Rule 71C, Ala. R. Civ. P. The trial court did so on August 14, 2009. On the same day, Volvo Group renewed its motion to alter, amend, or vacate the arbitrator’s decision under Rule 59. On August 17, 2009, the trial court denied “Defendants’ Motion to Vacate, Alter and/or Amend Award Entered by Arbitrator,” expressly concluding that manifest disregard of the law was not a valid basis upon which it could review the arbitrator’s decision. Subsequently, on September 3, 2009, Volvo Trucks filed a second notice of appeal; that appeal was assigned case no. 1081713.[2]

Analysis

Section 6-6-14 of the Alabama Arbitration Act, § 6-6-1 et seq., Ala.Code 1975 (“AAA”), provides:
“An award made substantially in compliance with the provisions of this division is conclusive between the parties thereto and their privies as to the mat *1053 ter submitted and cannot be inquired into or impeached for want of form or for irregularity if the award determines the matter or controversy submitted, and such award is final, unless the arbitrators are guilty of fraud, partiality, or corruption in making it.”
On appeal, Volvo Trucks argues that, in addition to the grounds of fraud, partiality, and corruption identified in § 6-6-14, arbitration awards under the AAA may be set aside based on a finding that the arbitrator’s decision is in manifest disregard of the law. Volvo Trucks argues that the trial court erred in concluding otherwise with regard to Volvo Group’s post-judgment motion and that the arbitrator’s decision is in manifest disregard of Alabama law on several points.
Volvo Trucks bases its argument on this Court’s decision in Birmingham News, supra. In that case, this Court considered appeals from arbitration awards involving claims governed by the FAA. 901 So.2d at 30. This Court noted that the appellant, the Birmingham News Company (“the News”), did not raise any arguments based on the grounds set forth in § 6-6-14, stating:
“The News does not argue that the arbitration awards in this appeal were the product of fraud, partiality, or corruption on the part of the arbitrators. It contends, however, that our review of the awards should be governed by the standards prescribed by the FAA, as well as by several ‘nonstatutory’ grounds, including allowing an arbitration award to be vacated when the arbitrators have been guilty of a ‘manifest disregard of the law.’ ”
901 So.2d at 42-43. In addressing the appellees’ argument that only those grounds stated in § 6-6-14 should apply to this Court’s review of the arbitrators’ awards, this Court stated:
“The AAA has had throughout its history, until the last decade, a field of operation only with respect to post-dispute agreements to arbitrate....
[[Image here]]
“... [I]t is well established that the standards set out in the FAA for reviewing an arbitrator’s award are applicable to our review in this case.
“To the extent that the limited grounds listed in § 6-6-14 (fraud, partiality, or corruption) might arguably govern judicial review of an arbitrator’s award resulting from a post-dispute agreement to arbitrate when the parties have voluntarily opted for arbitration with full knowledge of the contours and significance of their dispute, those grounds do not provide adequate review of arbitrators’ decisions in the numerous and varied commercial- and consumer-transaction disputes now being channeled to arbitration in this State through predispute agreements for arbitration.”
901 So.2d at 44-46. This Court then concluded: “This Court has adopted 9 U.S.C. § 10 [of the FAA] as applicable to an appeal of an arbitration award in this state, and we see no need to retreat from that position,” 901 So.2d at 46-47, noting subsequently that the grounds for review stated in § 10 of the FAA included the grounds set forth in § 6-6-14.
This Court in Birmingham News then considered the availability of manifest disregard of law as a ground for reviewing the arbitration awards before it. This Court reviewed the history of the standard in the federal courts and in the appellate courts of other states and then concluded: “This Court joins the majority of other state appellate courts that have considered the matter in now recognizing ‘manifest disregard of the lav^ as a ground available for reviewing an arbitration award.” 901 So.2d at 50.
*1054 Subsequently, in Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008), the United States Supreme Court rejected manifest disregard of the law as an available ground for reviewing arbitration awards under the FAA. In Hereford v. D.R. Horton, Inc., 13 So.3d 375, 380 (Ala.2009), this Court explained: “[T]he Supreme Court of the United States, in [Hall Street Associates ] rejected the conclusion that it had adopted manifest disregard of the law as an additional, nonstatutory ground for relief from an arbitrator’s decision.” Based on Hall Street Associates, this Court then overruled its earlier decision in Birmingham News, stating:
“Under the Supreme Court’s decision in Hall Street Associates, therefore, manifest disregard of the law is no longer an independent and proper basis under the [FAA] for vacating, modifying, or correcting an arbitrator’s award. In light of the fact that the [FAA] is federal law, and in light of the Supremacy Clause of the Constitution of the United States, Art. VI, we hereby overrule our earlier statement in Birmingham News that manifest disregard of the law is a ground for vacating, modifying, or correcting an arbitrator’s award under the [FAA], and we also overrule any such language in our other cases construing federal arbitration law.”
13 So.3d at 380-81.
Volvo Trucks contends that this Court’s adoption of the manifest-disregard-of-law standard in Birmingham News was broad enough to apply not only to arbitration awards governed by the FAA, but also to those governed solely by the AAA. Volvo Trucks notes that, in overruling Birmingham News, this Court in Hereford referenced only the FAA, not the AAA. Based on this language, Volvo Trucks argues that this Court in Hereford overruled Birmingham News only insofar as it relates to arbitration awards entered under the FAA, not arbitration awards governed solely by the AAA. Volvo Trucks therefore argues that the manifest-disregard-of-law standard remains a viable basis upon which our courts may set aside arbitration awards governed solely by the AAA. We disagree.
In reaching its conclusion in Birmingham News, this Court made clear in response to the appellees’ arguments that its decision was governed by the FAA, not the AAA. See 901 So.2d at 44-47. Furthermore, this Court indicated that the manifest-disregard-of-the-law standard would not fall within the statutory grounds stated by § 6-6-14, stating:
“To the extent that the limited grounds listed in § 6-6-14 (fraud, partiality, or corruption) might arguably govern judicial review of an arbitrator’s award resulting from a post-dispute agreement to arbitrate when the parties have voluntarily opted for arbitration with full knowledge of the contours and significance of their dispute, those grounds do not provide adequate review of arbitrators’ decisions in the numerous and varied commercial- and consumer-transaction disputes now being channeled to arbitration in this State through predispute agreements for arbitration.”
901 So.2d at 46.
Accordingly, when viewed in its entirety, this Court’s decision in Birmingham News may not be read to adopt the manifest-disregard-of-law standard with respect to cases governed by the AAA. Furthermore, the standards stated in § 6-6-14 are exclusive, and this Court has no authority to rewrite the statute to embrace the broader standard of manifest disregard of the law. See, e.g., Wal-Mart Stores, Inc. v. Patterson, 816 So.2d 1, 6 (Ala.2001) (“The Court is not at liberty to *1055 rewrite statutes, Reed v. Board of Trustees for Alabama State Univ., 778 So.2d 791, 794 (Ala.2000), or ‘to substitute its judgment for that of the Legislature.’ Baptist Health Sys., Inc. v. City of Midfield, 792 So.2d 1095, 1097 (Ala.2001) (internal quotations omitted).”).
To support its position, Volvo Trucks, in its reply brief on appeal, also relies on this Court’s decisions in Jenks v. Harris, 990 So.2d 878 (2008), and H & S Homes, L.L.C. v. McDonald, 910 So.2d 79 (2004), and the Court of Civil Appeals’ decision in Sanderson Group, Inc. v. Smith, 809 So.2d 828 (2001). However, none of those decisions supports, the conclusion that an arbitration award governed by the AAA may be set aside based on a manifest disregard of the law.
In Jenks and H & S Homes, decided after Birmingham News and before Hereford, this Court considered appeals from arbitrators’ awards to determine whether the awards had been entered in manifest disregard of the law. However, the awards at issue in Jenks and H & S Homes resulted from predispute arbitration agreements governed by the FAA. Similarly, Sanderson Group, a case decided by the Court of Civil Appeals before this Court’s decision in Birmingham News, which reviewed an arbitration award to determine whether it was entered in manifest disregard of the law, involved a predispute arbitration agreement governed by the FAA. Accordingly, none of the cases Volvo Trucks relies on involve postdispute arbitration agreements governed solely by the AAA.
Volvo Trucks, therefore, has not shown that, under the AAA, our courts have authority to set aside an arbitration award on the basis of manifest disregard of the law. By the plain language of the statute, the grounds for review of an arbitration award stated in § 6-6-14 of the AAA are exclusive; we have not been directed to any authority showing otherwise. As previously noted, the plain import of this Court’s statement in Birmingham News critical of the scope of the grounds in § 6-6-14 is that the grounds are so narrowly drawn as not to embrace manifest disregard of law. Because the availability of the manifest disregard of the law as a ground for review is the foundation of Volvo Trucks’s remaining arguments on appeal, we need not consider those arguments.

Conclusion

Based on the foregoing, we affirm the trial court’s entry of the arbitration award as a final judgment under Rule 71C, Ala. R. Civ. P.
1081277 — AFFIRMED.
1081713 — AFFIRMED.
COBB, C.J., and WOODALL, STUART, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs in the result.

. It is unclear whether Volvo North America, Inc., and Volvo Group are the same entity. However, Volvo Group later participated in the resulting arbitration and in stating his decision the arbitrator expressly named "Volvo Group North America, Inc.”

. The notices of appeal in both case no. 1081277 and 1081713 name "Volvo Trucks North America, Inc.” as the appellant. The appellant's briefs on appeal refer generally to the appellant as "Volvo.” In several motions filed in this Court, the appellant refers to itself as "Volvo Group North America, Inc.” For purposes of these appeals, we are assuming that Volvo Trucks and Volvo Group are a single entity.